### G. W. MORGAN v. W. E. TURNER.

#### No. 8.

### W. E. TURNER v. G. W. MORGAN.

#### No. 60.

1.  **Affidavit for Sequestration.** — It is requisite that the affidavit for a writ of sequestration definitely state the value of each article of property sought to be sequestered. An alleged sum "about the value" is insufficient.

2.  **Pleading — Sequestration Suit.** — Where sequestration suit is based upon a contract, part not due at the institution of the suit, and the contract is fully set out in the petition, and from its terms it appears that all is due before the trial, it would seem that the petition would be sufficient to support a judgment for the entire amount; yet it is the better practice to amend, alleging such maturity.

3.  **Construction of Contracts.**—Two parol contracts were alleged touching an adjustment of partnership matters, and the disposal of the firm property from one partner to the other. Subsequently another contract, but in writing, was executed, for sale by the retiring partner, but it stipulated that it should not affect any previous contract. *Held*, that under such contract the creditor could declare upon either; having set out all the contracts, a recovery upon the last was legal.

4.  **Remedy upon Breach of Contract.**—By contract for sale of chattels the vendee within one month was to pay a stated sum, and to execute two promissory notes, to bear 10 per cent interest, of equal sums, amounting together to the balance of the purchase money. The vendee failed to pay, and to execute the notes. *Held*, that the vendor upon such failure had his right of action for the entire purchase money, including the amount of the stipulated notes, with 10 per cent interest.

5.  **Contract of Sale.**—See contract held to evidence a completed sale of cattle, the purchase money to be paid and secured at a future day in the manner stipulated.

APPEAL from El Paso. Tried below before Hon. T. A. FALVEY.

*Nugent & Stanton*, for appellant.—1. The allegation of value of property to be sequestered is not jurisdictional, but mere matter of description under the statute. Rev. Stats., art. 4489, subdiv. 3, art. 4490, subdiv. 3. Value is matter of opinion, a conclusion from facts. The expression, worth about $50 per head, is the appropriate, if not the only admissible, way of expressing it. Whart. on Ev., sec. 449; Greenl. on Ev., sec. 440; Law of Witnesses, Stew. Rapal., sec. 289.

2. Written contract, on appellee's refusal to comply with its terms,

gave appellant the right at once to sue.   Heller v. Phosphate Co., 5 S. E. Rep., 611; Mason v. Decker, 72 N. Y., 595; 15 Wend., 493; Tied. on Sales, 540.

*Millard Patterson* and *C. N. Buckler*, for appellee.—1. The writ of se-questration was properly quashed.   14 S. W. Rep., 1016; 16 Wis., 293; 22 Me., 121.

2. Appellant's debt had not all matured, and quashing the sequestra-tion abated so much of the debt as was not due.   Culberson v. Cabeen, 29 Texas, 254; 6 Texas, 196; 51 Texas, 544; 60 Texas, 590; 52 Texas, 635; Rules for Dist. Cts., No. 19.

NEILL, ASSOCIATE JUSTICE.—These cases are brought here, one on ap-peal by plaintiff below, and the other on a writ of error by the defendant, from a judgment rendered in the District Court of El Paso County, in appellant's favor, for $1576.65, with a foreclosure of a lien given by the defendant to plaintiff on certain property to secure the debt, upon which the judgment was rendered.

The cases are consolidated, and for convenience will be treated under the style of the first; and Turner, who brought the case here on error, will be considered as an appellee filing cross-assignments.

This suit was instituted by appellant against appellee on the 23rd day of November, 1888, to recover a money judgment and to enforce a lien on a horse and certain cattle.   Appellant alleged, that he and appellee, on the 1st of February of that year, entered into partnership, under a parol contract, for the purpose of running a dairy business, in which they were to be equally interested.   That he agreed to buy a carload of cows, which appellee was to purchase and bring to their ranch, and that during appel-lee's absence in making such purchase, appellant was to remain on the ranch, put it in order, and buy other property needed in the business. That he, in accordance with the contract, advanced $1000 to buy said cows. and expended $685.15 in purchasing other property and fixing up the ranch, making in all $1685.15 which he put into the partnership. That appellee agreed to, and did, put in the business ten head of cows, at an agreed valuation of $50 each, and one horse at an agreed valuation of $50.   That appellee, to make his interest equal to appellant's, agreed to pay him between the 1st and 10th of April, 1888, the difference be-tween $550, the amount invested by him, and one-half of the aggregate amount invested by both parties, with interest; and to secure such pay-ment, it was agreed that all the partnership property should be the prop-erty of appellant.

That about the 1st of April, 1888, appellant sold appellee his entire interest in the partnership property for the sum of $1685.15, to thereafter

be paid as follows, one-third cash on the 20th day of May, 1888, and on. that day appellee was to execute appellant his two promissory notes, well secured by approved personal security, or by mortgages on all of said property, each for one-third of $1685.15, payable in three and six months. respectively, with interest at 10 per cent from date. Upon the payment. of one-third of said sum and the execution of the notes, appellant was to make appellee a bill of sale, conveying him all of said property belong- ing to or used in the partnership business; that under said contract it was agreed, that all the property should be the property of appellant un- til paid for by appellee, and that appellee, until the 20th day of May,. should have the use of said property to his own benefit. Appellant fur- ther alleged, that on the 26th of June, 1888, appellee having failed to make said cash payment, or to execute said notes, they entered into a written contract, which was annexed to and made a part of his original. petition, and is as follows:

"This agreement, made June 26, 1888, witnesseth: Whereas W. E.. Turner has this day purchased of G. W. Morgan 28 head of cattle (with calves), two horses, one wagon, lot of harness, and other articles hereto- fore used by them in the dairy business, for $1720.25, it is understood and agreed as follows: Within one month from this date Turner is to pay G. W. Morgan $740.25, either in cash or a good bankable note, due in three months from this date; also at that time to make and deliver to said Morgan his two notes for $540 each, one due January 1, 1889, and one due April 1, 1889, with 10 per cent from date of notes, which notes. are to be secured by chattel mortgage in usual form on said cattle, horses, etc., to be executed by said W. E. Turner. In the meantime G. W. Mor- gan is to retain said property in his possession. It is further agreed, that. Morgan shall have the right within one month from date to sell a portion of said property, and the cash received therefor shall be credited on first payment of $740.25 mentioned herein. This does not alter or affect any previous contracts heretofore made by us.

"W. E. TURNER,

"G. W. MORGAN."

Appellant alleged, that by the stipulation in said written contract, pro- viding that the same should not alter or affect any previous contract theretofore made by the parties thereto, it was intended by both that should the written contract not be complied with, the same should not alter or affect the two previous contracts, so as to deprive him of any right guaranteed by either of them.

Appellant charged, that on the 23rd of February, 1888, upon a partner- ship settlement between them, it was agreed that the partnership was in- debted to him in the sum of $1685.15, and to appellee in the sum of $658; that by virtue of the first contract he had a lien upon all of said cattle

and horses put into said business by the appellee, to secure the payment of the money stipulated to be paid by him to make him equally interested with appellant in the business; that under the second and third contracts he acquired a lien on said property, as well as on all the cattle and other property put by him into said partnership, and which by said two contracts he sold to appellant.

The appellant then averred, that by virtue of the third contract, herein before set out, he had a lien on all the property described therein, and was entitled to have it declared and enforced in his favor to secure the payment of the sum of $1547.75, with interest from the 26th day of July, 1888, the day on which said contract should have been carried into effect. He then says, that should the court hold he can not proceed on said written contract alone, he is entitled to have judgment under the three contracts, with a decree declaring and enforcing his lien, and that in any event he is entitled to judgment under the first and second contracts for $1512.15, it being the purchase price of said property as specified in said second contract, less the sum of $172.50, with interest from May 20, 1888, and in like manner to have his lien enforced against the property to pay the same. At the time the suit was brought, appellant sued out a writ of sequestration against ten head of cattle.

The appellee answered by a general denial only.

Upon motion of appellee the writ of sequestration was quashed.

On the 3rd day of January, 1890, the case was tried by the court without a jury, and judgment rendered for appellant for $1576.65, with a decree foreclosing his lien as prayed for. The court filed its conclusions of law and fact, to which conclusions both parties excepted.

We conclude, that the allegations in appellant's petition set out herein are facts fully established by the evidence, and that appellee owed the appellant on the third contract the sum of money adjudged against him.

The affidavit for the writ, after fully describing the animals sought to be sequestered, states that they "are worth *about* the sum of $50 per head, or in the aggregate *about* the sum of $500."

Upon motion of appellee the writ of sequestration was quashed, upon the ground that the affidavit therefor did not state the value of the animals with sufficient certainty, and was not positive and definite as to their value.

The appellant moved the court to set aside its order quashing the writ, which was overruled; and he assigns the action of the court in quashing the sequestration, and in overruling his motion to set aside the order, as error.

Article 4490, subdivision 3, Revised Statutes, requires the value of each article of the property to be sequestered to be given in the affidavit for the writ. The appellant contends, that the requirement is intended only as descriptive of the property. We do not think so. If it should

be so construed, then an affidavit which describes the property with such certainty that it may be identified and distinguished from property of a like kind, which is also a statutory requisite, would be sufficient without stating the value.

Article 4492, Revised Statutes, absolutely prohibits the issuance of a writ of sequestration in any case until the party applying for it has filed with the judge, clerk, or justice of the peace to whom he applies, a bond, payable to the defendant, for a sum of money *not less* than double the value of the property to be sequestered, *as stated in the affidavit.* Therefore, if the value of the property to be sequestered is not stated in the affidavit, bond such as is required can not be given, and in the absence of it a writ of sequestration would be null and void.

Ten head of cattle were sought to be sequestered. Their value at *about* $50 per head might or might not be $500. If the value of each were $55 (which might be considered about $50 per head), the property would be worth $550, which could hardly be considered about $500; a bond in the sum of $1050, which was its amount in this case, would be $50 less than required, and a defendant would not have the protection against the seizure of his property by virtue of the writ of sequestration that the law provides and requires that he shall have. If his property was worth only $500, and by the use of the word "about" the amount of the bond was fixed at $1050, he would be required to give a bond in a larger sum in order to replevy it than the statute requires.

Suppose that upon such an affidavit as was made in this case, a bond shall be given in *about the sum of $500*, which would be as definite and certain in amount as the affidavit upon which it was predicated, it would not be contended that such an instrument was sufficiently definite and certain in amount for any purpose whatever.

It is an essential requisite that the affidavit for a writ of sequestration state definitely and positively the value of each article of property sought to be sequestered; and as the affidavit upon which the writ issued in this case was lacking in this requirement, the court did not err in quashing it.

The trial court, in its conclusions, found, that at the time the suit was instituted only the sum of $740.25 was due on the third contract, and that said contract abrogated the other two relating to the same subject matter; and that the written contract having been made a part of appellant's original petition, authorized a judgment for the full amount of the contract, although a part of it was not due when suit was brought.

The appellee moved for a new trial upon the ground, that as the suit was brought before a large part of appellant's demand was due, and sequestration having been quashed, and no amendment having been filed alleging the maturity of that not due, it was improper for the court to enter judgment against him for the entire debt. The court overruled his motion, and he assigns its rulings as error. Under our view of this case,

it is not necessary for us to determine the question whether, when a suit is instituted by a writ of sequestration on a claim upon which enough is due to bring it within the jurisdiction of the court, and a part is not due, and the contract upon which the demand is based is made a part of the petition, and shows that the balance is due at time of trial, it is necessary for the plaintiff to amend and allege the maturity of the full amount before he can recover it. We suggest, however, that the best and safest practice is to file such an amendment.

As has been seen by our statement of this case, the appellant sued on all three of the contracts, alleging, that by the stipulation in the third, to the effect that it did not affect any previous contract, it was intended between the parties to provide that it should not operate so as to deprive him of any right guaranteed by them or either of them under the previous ones. We think this was their obvious intention, and is the proper construction to be given the stipulation referred to; and as the debt, by the terms of the first two contracts, was due when his suit was filed, he could maintain his action and recover the amount due on them. But as the amount due on them would be less than the judgment recovered, we would have to reverse and render the proper judgment on them should we hold that it was not due on the third, and that it was necessary, under the circumstances, for plaintiff to amend his pleadings in order to recover the entire amount evidenced by it.

This brings us to the question as to whether the entire debt was due on the written contract set forth herein when the suit was filed. It has been seen from said agreement, that the property was sold to appellee on a credit; that he agreed to pay a part of the purchase money one month from the date of its execution, and then to execute to appellant his promissory notes secured by a mortgage on the property. The evidence shows indisputably that appellee failed and refused to perform his agreement, or any part of it. The principle is well settled, that when a party purchases goods on a credit, and agrees to execute notes for the purchase money, or execute a mortgage to secure it, his failure and refusal to execute the notes or mortgage at the time agreed upon gives the vendor an immediate right of action for the purchase money. Hays v. Weatherman, 15 Ind., 341; Clodfelter v. Hulett, 72 Ind., 148; Carnahan v. Hughes, 9 N. E. Rep., 79; Havva v. Mills, 21 Wend., 91; Tied. on Sales, sec. 331.

Under this rule, the appellant's debt was due when the suit was filed, and had the court below acted upon it, the same result would have been reached that was attained; and if there was error in some of the conclusions arrived at by the court, there was none in the judgment rendered by it.

The appellee also assigns as error the finding of the court below, that the contract copied in this opinion showed a complete sale of the prop-

erty by the plaintiff to the defendant, because it is ambiguous, and the intention of the parties thereto could not be arrived at without resorting to evidence aliunde, and that all the evidence showed that the contract was conditional, and amounted to nothing more than an agreement on the part of Turner to purchase the cattle. We do not think that there is any ambiguity in the contract. If appellee deemed there was, he should have indicated it by a special plea, and have alleged the true intention of the parties. He could not prove this under a general denial, which we have seen was his only pleading. However, it seems from the record that he was allowed to introduce parol evidence to show the intention of the parties, and that the appellant introduced contradictory evidence to show that the construction given by the court to the contract was correct. The appellee had the benefit of all the proof he could have made had his pleadings been sufficient to have admitted it, and we would not disturb the finding of the court on that question, even if it had been raised by proper pleadings.

The questions raised by appellee's third and fifth assignments of error could not properly arise under a general denial, and it is not incumbent upon us to consider them.

The court below found in favor of the appellant for the sum of $1493.75, with interest at 8 per cent on $513.75 and 10 per cent on balance from July 26, 1888. The judgment rendered is for $1576.65, with interest on $571.98 of said sum at 8 per cent per annum, and with interest on $1004.67 at the rate of 10 per cent per annum from date of judgment. Appellee assigns as error, that the finding of the court did not support the judgment.

It is evident that the court, in arriving at the sum of $1576.65 for which it entered judgment, intended to compute the interest on $513.75 from the 26th day of July, 1888, at 8 per cent per annum, and on the difference between it and $1493.75, which is $980, at 10 per cent per annum from said date to date of judgment, add them together, and give judgment for the sum; and that $513.75, with 8 per cent so computed, should bear 8 per cent interest from judgment, and that $980, with 10 per cent interest so computed, should bear like interest at 10 per cent from the time the judgment was rendered. We think this would have been proper if the computation had been correctly made, but it was not. The interest on $513.75 from the 26th of July, 1888, to January 3, 1890, which is one year, five months, and seven days, would be $59.02, which added to $513.75 would make $572.77. The interest on $980 at 10 per cent for the same time would be $140.73, which added to the amount upon which computed would make $1120.73; add this amount to $572.77, and we find the sum to be $1693.50, for which amount judgment should have been rendered, with interest on $572.79 thereof at 8 per cent per annum, and with interest on $1120.73 at the rate of 10 per cent per annum; and

we here reform the judgment of the court below, and render it in favor of the appellant, G. W. Morgan, against the appellee, W. E. Turner, for $1693.50, with interest from the 3d day of January, 1890, on $572.77 thereof at the rate of 8 per cent per annum, and with interest on $1120.73, the balance, from said date at 10 per cent per annum, with a foreclosure of his lien as decreed in the District Court against the property described in its judgment, as it is here reformed.

The error just noticed was in appellee's favor for something over $100, and would, perhaps, not have been noticed had he not called it to our attention by his assigning it as error. But he having done so, and the error having been detected, it is our duty to correct it.

The judgment of the court below, as here reformed, is affirmed; and it is ordered that the appellant, G. W. Morgan, pay all costs in the case brought here on appeal, and that the appellee, W. E. Turner, pay all costs in the one brought here by him in error.

*Reformed and affirmed.*

Delivered September 27, 1893.