## BUTTS v. LUCIA.

(Court of Civil Appeals of Texas. El Paso. Feb. 6, 1913.)

1. CHATTEL MORTGAGES (§ 173*)—ACTION FOR TITLE AND POSSESSION.

Where a chattel mortgagee of a mule, with power on default to take possession, the mortgage having been registered, brought suit against a purchaser of such mule from the mortgagor for "title and possession," he should be allowed to recover possession for the purpose of sale, although he could not recover title.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 307, 309, 316–326; Dec. Dig. § 173.*]

2. SEQUESTRATION (§ 17*)—AFFIDAVIT—VALUE OF PROPERTY.

Where the affidavit does not state the value of the property, a writ of sequestration should be quashed; it being a statutory prerequisite, under Sayles' Ann. Civ. St. 1897, art. 4865, subd. 3, providing that the property be described and the value of each article be given.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 35–37; Dec. Dig. § 17.*]

3. JUSTICES OF THE PEACE (§ 174*)—APPEAL—TRIAL DE NOVO—MOTION TO QUASH.

On appeal to the county court, the trial being de novo, a motion to quash a writ of sequestration could be there presented for the first time.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by R. F. Butts against Charles Lucia. Judgment for defendant, and plaintiff appeals. Reversed.

Mark G. Fakes, of Houston, for appellant. Brockman, Kahn & Williams, of Houston, for appellee.

HIGGINS, J. G. W. Crowder mortgaged to R. F. Butts a certain mule; the mortgage authorizing Butts to take possession and make sale in event default was made in payment of the debt for which the lien was given. The instrument was duly filed for registration, and subsequent thereto Crowder sold and delivered the animal to appellee. Butts filed suit in the justice court against appellee; the entry on the docket stating that it was "suit for possession of one dark brown mare mule." A writ of sequestration was sued out; plaintiff in the affidavit therefor stating that he was the owner of and entitled to the possession of the animal. Upon trial in that court he recovered judgment for the title and possession thereof. Upon appeal to the county court and trial without a jury, judgment was rendered for Lucia. The judgment recites that the suit was for title and possession, but in the court's findings of fact and conclusions of law it is twice recited that it was a suit for possession. Plaintiff's debt was due at the time suit was instituted.

[1] In this contradictory state of the record, it is impossible to determine the exact nature of the relief sought by plaintiff; but, under the view which we have of the case, it is immaterial whether it was for title and possession or possession only.

It is, of course, well settled in this state that a mortgagee has merely a lien, and the mortgagor has the title and right of posses-

sion. It therefore follows that the mortgagee cannot recover of the mortgagor the title and possession of mortgaged property; but in nearly all chattel mortgages provision is made for speedy and inexpensive foreclosure, without resorting to legal proceedings, by conferring upon the mortgagee the right to take possession and make sale upon default.

Lucia having bought from the mortgagor with constructive notice of the mortgage afforded by its registration, he took the animal subject to the right of Butts to foreclose by taking possession and making sale thereof upon default. The sale of the animal to Lucia in no wise impaired this right, and Butts could foreclose as provided in the mortgage, or by regular foreclosure suit. In exercising his right of foreclosure under the provision noted, he was entitled to possession of the animal pending sale, and the court erred in refusing him this relief. If his suit was for title and possession, a recovery of the title should, of course, have been denied; but that portion of the relief which he sought and to which he was entitled, i. e., possession, should have been granted. Having obtained possession, he must then make sale of the animal, as required by the terms of his mortgage.

[2, 3] The writ of sequestration was properly quashed. The affidavit therefor must state the value of the property. Sayles' Statutes, 4865, subd. 3. This is a statutory prerequisite to the issuance of the writ, and its omission from the affidavit is a fatal defect. Morgan v. Turner, 4 Tex. Civ. App. 192, 23 S. W. 284. The trial in the county court being de novo, the motion to quash could be there presented for the first time.

Reversed and remanded.