Sil Martoni v. The State.

No. 3094.   Decided May 6, 1914.

**1.—Vagrancy—Recognizance—Re-instatement.**

Where the appeal was dismissed on the ground of an insufficient recognizance and a sufficient recognizance was thereafter filed, the appeal is reinstated.

**2.—Same—Date of Offense.**

Having specified the time at which defendant was a vagrant, the State was confined thereto as set forth in the complaint, there being no evidence showing that he was in the house of prostitution during the other dates.

**3.—Same—Judgment—Evidence—Trial de Novo.**

Where defendant had been convicted for vagrancy in the corporation court and had appealed to the County Court, it was reversible error to admit the judgment of conviction in said corporation court in evidence, this being a trial de novo.

**4.—Same—Insufficiency of the Evidence.**

Where, upon trial of vagrancy, the evidence was insufficient to sustain the conviction, there was reversible error.

Appeal from the County Court of Bowie. Tried below before the Hon. Lee Tidwell.

Appeal from a conviction of vagrancy; penalty, a fine of $125.

The opinion states the case.

*F. M. Brooks* and *Rogers & Dorough,* for appellant.—On question of insufficiency of the evidence: Ellis v. State, 65 Texas Crim. Rep., 480, 145 S. W. Rep., 339.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—On motion of the Assistant Attorney General this appeal will have to be dismissed. The recognizance fails to specify the amount of the punishment imposed in the trial court. This is a statutory requirement, without which the recognizance will not be sufficient. For this reason the motion will be sustained and the appeal dismissed.

*Dismissed.*

ON REHEARING.

May 6, 1914.

DAVIDSON, Judge.—On a former day of the term the appeal herein was dismissed for want of a sufficient recognizance. In compliance with the law this defect has been cured as authorized by the statute, and the appeal will be reinstated and disposed of on its merits.

Appellant was tried in the Justice Court on a charge of vagrancy for loitering in and around houses of prostitution. The complaint and information charge that from about the first of October, 1913, and before the making and filing of this complaint appellant did unlawfully and

thence continuously up to the date of the filing this complaint, the said Sil Martoni being a male person, habitually associate with prostitutes, and the said Sil Martoni during said time did then and there habitually loiter in and around houses of prostitution. Upon his conviction in the corporation court he prosecuted an appeal to the County Court. In that court the punishment was assessed in excess of one hundred dollars, and from this conviction he appealed to this court.

During the trial, over objection of appellant, evidence was introduced showing that he was seen at a house of prostitution in April, 1912, and seen to carry his trunk away from this house of prostitution. Various grounds of objection were urged, among others, that it was too remote and not included within the charge filed against him, it being specified he was guilty as a vagrant in that he loitered around and visited these houses of prostitution from about the first of October to the time of making the complaint; which was the 7th of November. We are of opinion these objections are well taken. Having specified the time at which he was a vagrant, the State would be relegated to the charge set forth in the complaint. There was no evidence showing his being in houses of prostitution between the date mentioned in April, 1912, and that set forth in the complaint from October 1st to November 7, 1913.

Another bill of exceptions recites that the judgment of conviction in the corporation court was admitted in evidence against him in the trial in the County Court. The judgment recited that he plead guilty in the corporation court. Various objections were urged to this. The statute provides that where the conviction occurs in an inferior court and appeal is prosecuted to the County Court, the trial in the County Court shall be de novo as if there had not been a trial in the inferior court. It might be sufficient to state this was a trial de novo, and this evidence was not admissible. This was the judgment from which he had appealed.

It is also urged the evidence is not sufficient. Under the case of Ellis v. State, 65 Texas Crim. Rep., 480, 145 S. W. Rep., 339, we are of the opinion appellant's contention should be sustained. The witness Hawkins testified he had seen defendant at Willie Williams' house about three times between October 1, 1913, and November 7, 1913. Jennie Dorsch testified she saw him there once or twice. These visits were all in the daytime; that he only stayed a few minutes and went away. DeFee testified that during the time specified he searched Willie Williams' house a number of times; sometimes in the daytime, and sometimes at night; saw defendant there once during that time. Brywn testified he was deputy sheriff, and during the time alleged in the complaint he saw the defendant at Willie Williams' house two or three times. On cross-examination he said he saw him there once or twice; it was in the daytime when he saw him there. This is the State's case. We are of the opinion that this evidence does not sustain the conviction.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*