Floyd Mosley v. The State.

No. 4600.    Decided October 24, 1917.

1.—Fornication—Recognizance—Punishment Assessed—Election by State.

A recognizance must disclose the punishment assessed against the defendant but where this is left out by inadvertence the appeal is reinstated. Where, upon trial of fornication, the information charged in separate counts each phase of the offense, that is, first, while living together, and second, without living together, and the first count was abandoned, and the second count only was submitted, this was an election by the State of the second count, and the evidence supporting a conviction thereof, there was no reversible error.

2.—Same—Requested Charge—Practice.

Where, upon trial of fornication charging living together in the first count, the same was abandoned and the court submitted only the second count alleging without living together of the parties, there was no error in the court's failure to submit a charge upon the first count. Following Weathersby v. State, 1 Texas Crim. App., 643, distinguishing Bird v. State, 27 Texas Crim. App., 635, and other cases.

Appeal from the County Court of Wichita. Tried below before the Hon. Harvey Harris.

Appeal from a conviction of fornication; penalty, a fine of two hundred and fifty dollars.

The opinion states the case.

W. Lindsay Bibb, for appellant.—Cited cases in opinion.

E. B. Hendricks, Assistant Attorney General, for the State.

MORROW, Judge.—This is an appeal from a judgment assessing a fine of $250 against appellant on his conviction of the offense of fornication.

The Assistant Attorney General has filed a motion to dismiss the appeal on the ground that the recognizance given by appellant is not in compliance with the law in that it fails to state the punishment assessed against him. An inspection of the recognizance discloses the correctness of this contention, and following previous decisions the motion must be sustained. Martoni v. State, 74 Texas Crim. Rep., 64, 166 S. W. Rep., 1169; Branch's Ann. P. C., p. 314, sec. 615, and cases listed.

Appeal is dismissed.

*Dismissed.*

ON REHEARING.

October 24, 1917.

MORROW, Judge.—This conviction was for the offense of fornication and punishment fixed at a fine of $250.

The appeal was dismissed but for reasons shown the motion for rehearing is reinstated.

The offense is defined by our statute, article 494, as follows: " 'Fornication' is the living together and carnal intercourse with each other,

or habitual carnal intercourse with each other without living together, of a man and woman, both being unmarried."

The information charged in separate counts each phase of the offense, namely: first, while living together; second, without living together. The first count was abandoned and the second count only was submitted to the jury. The effect of this was to leave the case in the status as though only the second count had been embraced in the information. Branch's Ann. P. C., p. 232; Betts v. State, 57 Texas Crim. Rep., 391. There was direct testimony to acts of intercourse and circumstances to show they were habitual. The parties were unmarried and there was evidence that they were not living together. The evidence, in our judgment, is sufficient to sustain the finding of guilty under the second count of the information.

Appellant, by special charges, sought to have the court define tne term "while living together," and complains of failure to charge upon the first count of the information which contained that term. These criticisms are not well founded for the reason that the first count of the information was abandoned and the State, in effect, elected to prosecute under the second count. Weathersby v. State, 1 Texas Crim. App., 646. The cases cited by appellant—Bird v. State, 27 Texas Crim. App., 635, and Thomas v. State, 28 Texas Crim. App., 300, 12 S. W. Rep., 1098—are not in opposition to the correctness of the procedure followed. They go to the point that an indictment charging fornication while living together is not sustained by proof of habitual carnal intercourse while not living together. This is a sound proposition but not applicable to this case. The law was correctly submitted in the court's charge applicable to the second count. The proof sustains the finding and there are no errors found in the record.

The order dismissing the case is set aside and the judgment of the lower court is affirmed.

*Affirmed.*