GANDY v. CORNELIUS.   (No. 6278.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1919. Rehearing Denied Dec. 3, 1919.)

SEQUESTRATION ⬤⟶17—QUASHAL IN ABSENCE OF ALLEGATIONS AS TO VALUE OF PROPERTY.

Where the holder of a secured note, given for the purchase price of three mules, sought to foreclose his mortgage lien and prayed a writ of sequestration for possession of the property, the writ must be quashed, where neither the affidavit nor the petition alleged the value of each item of the property, as required by Rev. St. 1911, art. 7095.

Appeal from Kleberg County Court; Ben F. Wilson, Judge.

Action by A. W. Cornelius against A. C. Gandy. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed and rendered in part.

W. C. Jones, of Robstown, for appellant.
T. Wesley Hook, of San Antonio, and Chas. H. Reese, of Kingsville, for appellee.

COBBS, J. This suit was instituted to recover on a note for $260 and 10 per cent. attorney's fees, which note was alleged to be secured by a mortgage lien on three mules, fully described in the petition. The petition

refers to an attached mortgage as "Exhibit A," but it is not in the record. The petition prayed for a judgment on the note and foreclosure of the lien, and sale of property in satisfaction thereof. It prayed for a writ of sequestration to issue to take possession of the property. It did not allege the value of the property. Its prayer is in the usual form of such petitions, but is not signed either by appellee or any attorney for him. It was filed on the 31st day of December, 1918. On the same day appellee made and filed an affidavit praying that a writ of sequestration issue for the possession of the property, describing it as described in the petition, stating that he feared defendant "will make use of his possession to convert said property to his use." A bond was filed, and thereupon the writ was issued and placed in the hands of an officer. On the 4th day of January, 1919, the sheriff executed said writ and took possession thereof and in his return showed his costs for executing the same to be $45.90, less a credit of $4.45 cash, leaving $41.50. On the 16th day of January, 1919, the appellant delivered to the sheriff his replevey bond and took possession of the mules.

On the 3d day of March, 1919, the defendant filed his answer in which he admitted the execution of the mortgage declared on, but averred within a few days thereafter, the mules being useless to appellant because they would not work to a cultivator, the trade was rescinded, and appellant kept said mules in his pasture at the request of and for appellee, and prayed for a cancellation of the mortgage and the note and recovery of his costs. On the same day he filed a motion to quash the affidavit and writ: First, because neither the petition nor affidavit stated the value of each item of property; and, second, because of a fatal variance between the petition and the affidavit, in that the suit is for the foreclosure of a mortgage lien and the affidavit is merely for the possession of the property. On the 6th of March, 1919, the court, after hearing the motion to quash, overruled the same. And on the same day the case was heard by the court on its merits and without a jury, and the judgment was entered for appellee with a foreclosure of the lien on the property secured by the mortgage. There are no findings of facts or any statement of facts in the record made by the court.

The first assignment is that the court erred in not sustaining the motion to quash the affidavit and writ, because neither the affidavit nor petition alleged the value of each item of the property sequestrated as the law requires in such cases.

This assignment is well taken, for it is nowhere stated "the value of each article of the property" as the statute plainly requires. Rev. St. 1911, art. 7095; McSpadden v. La Force, 39 S. W. 163; Morgan v. Turner, 4 Tex. Civ. App. 192, 23 S. W. 284; Caruthers v.

Hadley, 115 S. W. 80; Cleghorn et al. v. Boxley et al., 58 Tex. Civ. App. 161, 123 S. W. 438; Butts v. Lucie, 153 S. W. 686.

To sustain the affidavit appellee relies upon the cases of McMillan v. Moon, 18 Tex. Civ. App. 227, 44 S. W. 414, and Caruthers v. Hadley, 115 S. W. 80.

In the McMillan Case it was a suit to foreclose a mortgage on lumber to satisfy a balance due of $1,320.36, as alleged, and further stating it was "worth the above set forth amount"; the court there holding:

"This was sufficiently definite, and in compliance with the statute, because there was but one sum of money or amount set forth in the affidavit, and the reference could have applied to no other"—saying "that is certain which can be made certain."

And in the Caruthers Case the court said:

"Appellant's first assignment of error complains of the court's action in overruling his motion to quash the sequestration. There was no error in this ruling of the court. It is not essential to the validity of sequestration proceedings under our statute in an action for the recovery of land that the affidavit therefor state the value of each acre of land sued for. It is sufficient, in such case, if the affidavit describes and states the value of the whole number of acres. It is only when personal property is the subject-matter of the suit and is sought to be sequestered that the value of each item of the property must be stated in the affidavit."

We do not think we are called upon to look to the petition in this case to support the affidavit, if it could be done. The suit is predicated upon a debt seeking to foreclose a mortgage lien upon the property, while the affidavit simply is to recover the possession of the property as a whole valued at $260, as though based upon the right of possession, without stating any indebtedness, and without reference to any suit for the foreclosure of any mortgage lien, and entirely variant from the petition.

There is no recovery sought against the sureties on the replevy bond, but the judgment is merely for the amount sued for with a foreclosure of the mortgage lien on the property.

While there was no motion made to retax the costs below, or any error assigned that the court erred in not taxing the costs of the sequestration against appellee, still, as the record plainly shows what the costs amounted to, we think the ends of justice may be met without reversing the whole case, and we therefore affirm the judgment in part and reverse and render it in part so that the appellant shall here recover his costs of $41.50, the costs of the sequestration proceedings, and tax the costs of the appeal against the appellee.

Affirmed in part; reversed and rendered in part.