**Roger TIDWELL et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 52905.**

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Jackson & Levy, Denton, for appellant.

John E. Lawhon, County Atty. and Marvin B. Waage, Asst. County Atty., Denton, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from convictions for taking fish from public waters by the use of an illegal gill net under the provisions of the Texas Parks and Wildlife Code. Appellants were tried before a jury and assessed fines of $200 each by the trial court.

Appellant Roger Tidwell was charged by complaint with taking fish from the waters of the Garza-Little Elm Reservoir by the use of an illegal net. Tidwell's son Michael and the son's friend, Larry Sikes, were charged by complaint with assisting in the taking of fish from the Garza-Little Elm Reservoir by the use of an illegal net. All three appellants were tried before a justice of the peace of Denton County, Roger Tid-

---

well on a plea of not guilty, and the younger Tidwell and Sikes on pleas of guilty. All three were found guilty and assessed fines of $202.50. All three appealed their convictions to county court and were tried jointly, in a trial de novo, before a jury.

The evidence reflects that agents of the Texas Parks and Wildlife Department were keeping Roger Tidwell under surveillance during the early morning hours of December 17, 1975. The agents stated that they followed him to a lake known as the Garza-Little Elm Reservoir, or old Lake Dallas, where they concealed themselves on shore to observe Tidwell through high-powered scopes. They stated that they observed Tidwell in a boat running a gill net and removing fish from the net and placing them in his boat. The agents said that after a period of time Tidwell ceased collecting fish and piloted his boat into an area of the lake known as the Graveyard Slough where he passed out of their vision. They said that they did not see Tidwell again that day.

Warden Swede Johnson of the Parks and Wildlife Department testified that he was called by his supervisor to go to the Lakeview Airport on the shores of the reservoir. He stated that he drove into the area and observed a pick-up truck driving out of the area near Graveyard Slough with two large barrels in the back. He stated that the area where he saw the truck was government land and he thought that the truck might be there dumping trash on government property, so he approached the truck to speak with the two occupants. He stated that as he got out of his car and walked toward the truck he observed that the two barrels were full of buffalo fish, alive and still wet. He identified the occupants of the truck as appellants Michael Tidwell and Larry Sikes. It appears from the record that Johnson did not arrest the young men at this time. He testified that he asked them if they had seen any of the other wardens in the lake. area and then went with them to a nearby cafe for coffee. Johnson said that a short while later they were joined by the other wardens who had

been watching Roger Tidwell, and these wardens placed the young men under arrest. Later that day the wardens returned to the lake and retrieved the net which they described as a 600 foot gill net. A gill net was defined as a net with weights on the bottom and floats on the top which will suspend the net in the water. When a fish passes into the net, its gills are caught by the mesh so that it cannot withdraw.

Section 66.101 of the Texas Parks and Wildlife Code provides:

"(a) No person may catch fish in public fresh water by any method or by the use of any device except as authorized by this section.

"(b) The following methods and uses are authorized:

"(1) the use of the ordinary hook and line or trotline;

"(2) the use of a minnow seine not longer than 20 feet, for the taking of bait only;

"(3) the use of a minnow seine not longer than 20 feet, dip net, cast net, and umbrella net of meshes of any size for the purpose of catching bream, shad, carp, suckers, gar, and buffalo fish only;

"(4) the use of a trammel net, a drag or set net, or seine having meshes the sides of which are at least three inches long;

\*   \*   \*   \*   \*   \*

"(c) A person who violates this section is guilty of a misdemeanor and on conviction is punishable by a fine of not less than $25 nor more than $100."

Section 61.054 of the Parks and Wildlife Code provides that the Parks and Wildlife Commission can regulate the taking of wildlife resources by proclamation of the commission setting forth the methods and means that may be used to take the wildlife resources and the region, county, area or portion of a county where the wildlife resources may be taken.

Section 1.08 of the Statewide Hunting, Fishing and Trapping Proclamation No. A–3, 1975–76, which was introduced into

evidence and made a part of the record filed in this Court, states,

"Taking or attempting to take any fish or game in counties enumerated under Part I, Section 1.01, Subsection 1 through 10, by any means other as hereinafter (sic) set forth shall be unlawful, except under the fish management contracts with the Parks and Wildlife Department for removal of rough fish . . ."

Under Section 1.01(6), Denton County is placed in the Possum Kingdom Regulatory District. In Section 7.04 of the proclamation it is stated,

"It is unlawful to take or attempt to take any fish by any means or method except as specifically allowed in this section . . .

\* \* \* \* \* \*

"In the Possum Kingdom . . . Regulatory District, only the following means and methods may be used in taking fish:

"(a) Not more than one hundred (100) hooks altogether which may be used in any combination of the following: Pole and line, rod and reel, artificial and natural baits, jug line, or throw line and not more than two (2) non-metallic trotlines with not more than fifty (50) hooks each; hooks on throw lines and trotlines must be spaced not less than three (3) horizontal feet apart. All freshwater trotlines must be identified by a legible tag, constructed of a material as durable as the trotline, bearing the name and address of the fisherman and the date it was set out . . . Any net used in the public waters by sports fishermen shall be identified by a legible tag constructed of a material as durable as the net, bearing the name and address of the fisherman and date it was set out. Any trotline set in the public waters of this state in violation of any section of this proclamation shall be removed from the waters thereof . . ."

Finally, Section 12.01 of the proclamation provides for a penalty of not less than $25 nor more than $200 for a violation of the proclamation.

The general provisions of Section 66.101, supra, and the specific provisions of Section 7.04, supra, clearly set out the authorized methods for the taking of fish from the waters of Denton County. The use of a 600 foot gill net is not authorized by either provision, and, therefore, the evidence, as set out above, is sufficient to establish a violation.

In grounds of error one through three, appellants contend that the trial court erred in admitting into evidence over appellants' objections the pleas of guilty entered by Michael Tidwell and Larry Sikes in justice court.

Under the provisions of Article V, Section 16 of the Texas Constitution, and Article 44.17, Vernon's Ann. C.C.P., there shall be a trial de novo in county court in all appeals from justice court, the same as if the prosecution had been originally commenced in county court.

*In Ex Parte Jones,* 128 Tex.Cr.R. 380, 81 S.W.2d 706 (Tex.Cr.App.1935), this Court held that in a trial de novo in the county court, "the evidence must be heard, and the verdict and judgment rendered in accordance with law in the superior court, without regard to the evidence, plea, or manner of conduct the trial took in the lower court."

It was clearly error for the trial court to admit the guilty pleas of appellants Michael Tidwell and Larry Sikes. Since they pled guilty to "assisting in the taking of fish . . .," the admission of those pleas before the jury in a joint trial where Roger Tidwell was charged with "taking fish . . ." was prejudicial to Roger Tidwell as well.

The judgments are therefore reversed and the causes remanded. Tex.Const. Art. V, Sec. 16; Article 44.17, Vernon's Ann. C.C.P.; *Ex Parte Jones,* supra.

Opinion approved by the Court.