**William A. KUTNER, Petitioner,**

v.

**Steve RUSSELL, Judge, County Court at Law No. 2, Respondent.**

No. 69136.

Court of Criminal Appeals of Texas, En Banc.

July 6, 1983.

Rehearing Denied Oct. 19, 1983.

J.P. Darrouzet, Austin, for petitioner.

Margaret Moore, County Atty. and Claire Dawson-Brown, Asst. Dist. Atty., Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for respondent.

## OPINION

CLINTON, Judge.

In a municipal court in Austin petitioner was convicted of a traffic violation. On appeal to the county court at law he invoked the following provisions of Tex.Rev. Civ.Stat.Ann. art. 6701d, § 143A:

"Dismissal of certain misdemeanor charges upon completing driving safety course

Sec. 143A. (a) When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 50 or 51, committed while operating a motor vehicle, *the court:*

\* \* \* \* \* \*

(2) *shall defer proceedings* and allow the person 90 days to present written evidence that, subsequent to the alleged act, the person has successfully completed a driving safety course approved by the court, if:

(A) the person presents to the court an oral request or written motion to take a course;

(B) the person has a valid Texas driver's license or permit; and

(C) the person's driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a driving safety course under this subdivision within the two years immediately preceding the date of the alleged offense.

(b) *When the person complies with the provisions of Subsection (a) of this section and the evidence presented is accepted by the court, the court shall dismiss the charge.*" [1]

The court filed a written order denying petitioner's motion and included its findings and reasoning as follows:

"The Defendant, giving competent and acceptable proof, has proven to this Court, in a written statement under oath, that:

1) He has a valid Texas driver's license; and

2) His driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a defensive driving course under Art. 6701d, Section 143A(a)(2) TCS as amended, within the two years immediately preceding September 6, 1982, which is the

date he is allged [sic] to have committed the offense involved in this suit.

It is, however, the opinion of this Court that since this Court is not 'the Court' that the defendant was charged in, then this Court has no statutory power to grant defensive driving under Art. 6701d, Section 143A(a)(2) TCS as amended.

It is further the opinion of this Court that it may not 'defer proceedings' when proceedings have already begun, and that proceedings begin in a Class C misdemeanor when the defendant pleads to the complaint in the court of original jurisdiction. To hold otherwise is to hold that a defendant may try his case, lose, and still have it dismissed if a motion for new trial is granted or an appeal is taken from a justice court or a municipal court not of record. If the Legislature had intended such a manifestly wasteful result, it surely would have said so."

The caption describes the statute as "[a]n Act relating to a driving safety course as an *alternative to prosecution* for certain traffic offenses...." Acts 1979, 66th Leg., ch. 610 at 1359. When a person stands "charged" with an offense he may, under circumstances prescribed by the Act, choose between going to trial or taking a driving course. After foregoing the "alternative to prosecution," choosing to go to trial, and after having been convicted, he may not invoke the statute on appeal to the county court at law. Accord, Op.Tex.Att'y.Gen. No. MW–428 (1982).

Petitioner vehemently argues that the Act permits him to invoke its provisions and obtain a dismissal at any stage of proceedings, *even in this Court.* However, we agree with the county court at law in so far as it said, "If the Legislature had intended such a manifestly wasteful result, it surely would have said so."

The application for writ of mandamus is denied.

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

OPINION DENYING PETITIONER'S
MOTION FOR LEAVE TO FILE A
MOTION FOR REHEARING

PER CURIAM.

The unanimous opinion of this Court on original submission denied an application for mandamus to compel the respondent Judge of a County Court at Law to defer proceedings and allow petitioner to take and successfully complete an approved driving safety course, to the end that the traffic violation of which he had been charged and convicted in an Austin municipal court would be dismissed. It was on appeal to the county court at law that petitioner had first invoked the provisions of Article 6701d, § 143A(a)(2), V.A.C.S., as the opinion of the Court undertook to make clear by also eliding § 143A(a)(*1*),[1] and by excerpting the written order of respondent that, in turn, alluded only to § 143A(a)(2).[2] In essence we held that it was too late for such an accused to demand that proceedings be deferred under the *mandatory provisions of § 143A(a)(2),* having earlier opted in the municipal court to go to trial on the accusation rather than to move to defer proceedings to take a driving course and having been convicted of the traffic violation, and then appealing to county court at law for a trial de novo.

Nothing in petitioner's motion for rehearing persuades us that the initial opinion of the Court was in error in any respect.[3] In rejecting his motion for leave to file we write only to underscore that which was decided and to point out that our decision does not at all implicate § 143A(a)(1)—the discretionary deferral of proceedings.

The motion for leave to file a motion for rehearing is denied.

TEAGUE, Judge, concurring.

The facts in this cause reflect that William A. Kutner, Petitioner, was charged, tried, and convicted in the Municipal Court of the City of Austin. Thereafter, he appealed the conviction to the County Court at Law Number Two of Travis County, as was his lawful right. Such appeal *will* result in a trial *de novo.* See Art. 44.17, V.A.C.C.P. Cf. *Ex parte Spring,* 586 S.W.2d 482 (Tex.Cr.App.1979).

Petitioner asserts that, as part of the appeal, Judge Steve Russell, the elected judge of the County Court at Law No. Two of Travis County, was required to permit him to take the defensive driving course provided by Art. 6701d, Sec. 143A, V.A.C.S. Judge Russell declined to permit appellant to invoke the provisions of that statute on the ground that the Act could be invoked only in the charging or Municipal Court of Austin. On original submission, this Court unanimously agreed with Judge Russell, holding the following:

> When a person stands 'charged' with an offense he may, under circumstances prescribed by the Act, choose between going to trial or taking a driving course. After foregoing the 'alternative to prosecution,' choosing to go to trial, and after having been convicted, he may not invoke the statute on appeal to the county court at law.

On original submission, I agreed with what this Court stated in denying appellant

---

1. Section 143A(a)(1) provides in pertinent part that when a person is charged with a misdemeanor offense under the Act, with two exceptions, the court:

   "(a) *in its discretion* may defer proceedings and allow the person 90 days to present evidence that . . . the person has successfully completed a defensive driver's course . . .;" (All emphasis is added throughout by the writer of this opinion unless otherwise indicated.)

2. "[T]his court has no statutory power to grant defensive driving under Art. 6701d, Section 143A(a)(*2*), as amended."

Still, it must be noted, our opinion did not approve that finding of respondent.

3. An amicus curiae would have us clarify on rehearing "to better guide the bench and bar" the matter of the right of an accused to relitigate de novo before an appellate court denial by the court below of an oral request or written motion to defer proceedings to take a defensive driving course, followed by being put to trial over objection. Since the instant cause is not in that procedural posture, we decline the invitation and reserve the issue until squarely presented.

any relief. I now find I agree for a different reason: The county court never had jurisdiction over the ancillary matter concerning the defensive driving course.

Until recent times, Art. V, Sec. 16, Texas Constitution, and Art. 44.17, supra, controlled the appeal of a conviction occurring in a justice or municipal court. Previously, any person convicted in a justice or municipal court of this State had the lawful right to a trial *de novo* in an appeal to the county court. That, however, is no longer true. For example, effective June 19, 1983, the 68th Legislature has authorized the Municipal Court of Austin to become a court of record, thus precluding a trial *de novo* in the county court from a conviction that has occurred in the Municipal Court of Austin. However, at the time appellant was accused of committing the traffic offense, an appeal from the Municipal Court to a county court at law of Travis County was to be conducted by *de novo* proceedings.

Even before the change in the law applicable to the Municipal Court of Austin, in a trial *de novo* in the appeal from a conviction suffered in the municipal court, the law only required that there be a new determination of guilt, not that the entire prosecution be commenced anew, or that any ancillary benefits which the defendant might have received in the original court must be granted him in the *trial* de novo proceedings.

A trial *de novo* in the county court simply means that a person shall receive a new trial on the merits of the accusation, and does not encompass such ancillary matters as contained within Art. 6701d, Sec. 143A, supra. Thus, the county court never had jurisdiction over the subject matter of a defensive driving course. Judge Russell correctly denied appellant permission to invoke the provisions of the statute. See and compare *Kirksey v. State,* 58 Tex.Cr.R. 188, 125 S.W. 15 (1910).

For the above reasons, I concur to the overruling of appellant's motion for leave to file his motion for rehearing.

ONION, Presiding Judge, dissenting.

Petitioner seeks a writ of mandamus to compel the respondent, Judge of County Court at Law No. 2 of Travis County, to defer proceedings concerning a speeding complaint pending trial de novo in said court in accordance with Article 6701d, § 143A(a)(2), V.A.C.S.[1]

---

1. Article 6701d, § 143A, V.A.C.C.P., in effect at the time of petitioner's motion under subdivision two thereof, reads as follows:

"Sec. 143A. (a) When a person is charged with a misdemeanor offense under this Act, other than a violation of Section 50 or 51, committed while operating a motor vehicle, the court:

"(1) in its discretion may defer proceedings and allow *the person 90 days to present* evidence that, subsequent to the alleged act, the person has successfully completed a defensive driver's course approved by the Texas Department of Public Safety or other driving safety course approved by the court; or

"(2) shall defer proceedings and allow the person 90 days to present written evidence that, subsequent to the alleged act, the person has successfully completed a driving safety course approved by the court, if:

"(A) *the person presents to the court an* oral request or written motion to take a course;

"(B) the person has a valid Texas driver's license or permit; and

"(C) the person's driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a driving safety course under this subdivision within the two years immediately preceding the date of the alleged offense.

"(b) When the person complies with the provisions of Subsection (a) of this section and the evidence presented is accepted by the court, the court shall dismiss the charge.

"When a charge is dismissed under this section, the charge may not be part of the person's driving record or used for any purpose, but the court shall report the fact that a person has successfully completed a driving safety course and the date of completion to the Texas Department of Public Safety for *inclusion in the person's driving record.* The court shall note in its report whether the course was taken under the procedure provided by Subdivision (2) of Subsection (a) of this section for the purpose of providing information necessary to determine eligibility to take a subsequent course under that subdivision." (Acts 1979, 66th Leg., p. 1359, ch. 610, § 1, eff. June 13, 1979).

It is now observed that § 143A(a)(2) has now been amended to read in part:

"(2) shall defer proceedings and allow the person 90 days to present written evidence

It appears that petitioner was convicted in the Municipal Court of the City of Austin on October 7, 1982, of the offense of speeding under state statutes, without attempting to invoke the provisions of said § 143A(a)(2). Notice of appeal was given. Prior to a trial de novo in the said county court, petitioner sought to invoke the mandatory provisions of said § 143A(a)(2). The respondent judge in an order found petitioner had filed a written motion to take a driving safety course, had a valid Texas driver's license, and that petitioner's driving record maintained by Department of Public Safety did not indicate a successful completion of a driving safety course under subdivision (a)(2) of § 143A within two years preceeding the date of the alleged speeding offense, but denied petitioner's motion on the ground that the said county court did not have jurisdiction as it was not "the Court" referred to in § 143A(a)(2), and that it could not "defer proceedings" when proceedings in the Class C misdemeanor had already commenced in the court of original jurisdiction, the municipal court, and the petitioner had plead to the complaint there.

Petitioner contends that he had complied with the provisions of § 143A(a)(2), and that under these circumstances the statute is mandatory in county court at law on a trial de novo and the judge has only the ministerial duty of deferring proceedings for 90 days to permit the completion of a driving safety course. This is the object of his mandamus action.

On original submission this court denied the petitioner relief, stating:

"When a person stands 'charged' with an offense he may, under circumstances prescribed by the Act, choose between going to trial or taking a driving course. After foregoing the 'alternative to prosecution,' choosing to go to trial, and after having been convicted, he may not invoke the statute on appeal to the county court at law. Accord, Op.Tex.Att'y.Gen. No. MW–428 (1982)."

In his motion for leave to file a motion for rehearing petitioner argues, inter alia, that this court did not give due consideration to the trial de novo aspect of the proceedings in the county court at law.

The majority in writing on said motion, without granting the same, attempts to clarify the earlier holding by restating it in different language.[2] The majority, however, does not come to grips with the trial de novo aspect of the question and further study reveals that the cited Attorney General's Opinion No. MW–428 does not support the broad statement made on original submission.[3] It is for this reason that I write.

Article V, § 16, Texas Constitution, provides in part:

"... In all appeals from Justices Courts there *shall* be a trial de novo in the County Court, ...." (Emphasis supplied.)

Article 44.17, V.A.C.C.P., provides:

---

that, subsequent to the alleged act, the person has successfully completed a *defensive driver's course approved by the Texas Department of Public Safety or another* driving safety approved by the court, if: ...."
(The italicized or underlined portion being the amendment.) (Acts 1983, 68th Leg., p. 4497, ch. 728, eff. December 1, 1983.)
The amendment is not here involved and only adds to the present law a defensive driving course approved by the Department of Public Safety.

2. The majority now states:
"In essence we held that it was too late for such an accused to demand that proceedings be deferred under the *mandatory provisions of Sec. 143A(a)(2),* having earlier opted in the municipal court to go to trial on the accusa-

tion rather than to move to defer proceedings to take a driving course and having been convicted of the traffic violation, and then appealing to county court at law for a trial de novo."
Implicit in the holding of the majority is the fact that if a defendant does file his motion to take a driving safety course under § 143A(a) in the court of original jurisdiction and it is denied and he is convicted, he may refile or renew the motion in the county court on the trial de novo. Thus the majority is saying you can ask for the driving safety course on the trial de novo *only* if you have earlier asked for it in the justice or municipal court.

3. Atty.Gen.Op. No. MW–428 answers eight specific questions, none of which deal with a trial de novo in county court.

"In all appeals from justice and corporation courts to the county court, *the trial shall be de novo* in the trial in the county court, the same as if the prosecution had been originally commenced in that court." (Emphasis supplied.)

Article 45.10, V.A.C.C.P., provides:

*"Appeals from a corporation court* shall be heard by the county court except in cases where the county court has no jurisdiction, in which counties such appeals shall be heard by the proper court. *In such appeals the trial shall be de novo. Said appeals shall be governed by the rules of practice and procedure for appeals from justice courts to the county court, as far as applicable."* (Emphasis supplied.)

Article 1194A, V.A.C.S., provides:

"The name 'Corporation Court' is changed to the 'Municipal Court.' All other statutory references to the Corporation Court shall be construed to mean the Municipal Court." (Acts 1969, 61st Leg., p. 1689, ch. 547, § 1, eff. September 1, 1969).

See also amendment to Article 4.14, V.A.C.C.P. (Acts 1983, 68th Leg., pp. 3839–3840, ch. 601, § 3, eff. September 1, 1983).

Random House Dictionary of English Language (Unabridged Ed.—1967) defines "de novo" (from the Latin) as "anew; afresh; again; from the beginning." [4]

Black's Law Dictionary, Revised Fourth Edition (1968), defines "trial de novo" as "a new trial or retrial had in an appellate court in which the whole case is gone into *as if no trial whatsoever had been had in the court below."* (Emphasis supplied.) See also generally 22 C.J.S., Crim.Law, § 403(1), p. 1085.

The appeal is in effect a statutory grant of a new trial to the accused to be had before the designated appellate court. *Baylor v. Commonwealth,* 190 Va. 116, 56 S.E.2d 77 (1949). The perfection of an appeal from a municipal court deprives the judgment of conviction of its finality. See and cf. *Deal v. State,* 423 S.W.2d 929 (Tex. Cr.App.1968).

In *McIntosh v. Watts,* 5 S.W.2d 1003, 1005 (Tex.Civ.App.—Waco 1928), the court wrote:

"The necessary effect of appealing from a conviction in a corporation court is to vacate the judgment of conviction rendered against the defendant therein and transfer the charge against him for trial in the county court, *as though originally filed therein."* [5]

In *Tidwell v. State,* 547 S.W.2d 34, 36 (Tex.Cr.App.1977), this court wrote:

"Under the provisions of Article V, Section 16 of the Texas Constitution, and Article 44.17, Vernon's Ann.C.C.P., there shall be a trial de novo in county court in all appeals from justice court, the same as if the prosecution had been originally commenced in county court.

"In *Ex parte Jones,* 128 Tex.Cr.R. 380, 81 S.W.2d 706 (Tex.Cr.App.1935), this court held that in a trial de novo in the county court, 'the evidence must be heard, and the verdict and the judgment rendered in accordance with law in the superior court, *without regard to the evidence, plea* [6] *or manner of conduct the trial took in the lower court."* (Emphasis supplied.)

It is further noted that the previous plea of guilty or the previous judgment entered in justice or municipal court are not admissible, over objection in a trial de novo in

---

4. Webster's New International Dictionary, Second Ed. (Unabridged), also defines "de novo" as "anew; afresh." Accord: Merriam—Webster Dictionary (1974).

5. An information need not be filed prior to a trial de novo in county court. *Ex parte Morales,* 53 S.W. 107 (Tex.Cr.App.1898); *Kneedler v. State,* 131 Tex.Cr.R. 385, 99 S.W.2d 605 (1936).

6. It is observed that the Respondent Judge, in his order denying petitioner's motion under § 143A(a)(2) noted his court was without jurisdiction to defer proceedings as petitioner had plead to the complaint in municipal court. The respondent was in error in light of the trial de novo.

county court. *Martoni v. State,* 74 Tex. Cr.R. 64, 166 S.W. 1169 (1914); *Tidwell v. State,* supra.

And in *Butts v. Lucia,* 153 S.W. 686 (Tex. Civ.App.—El Paso 1913), it was held in a civil case that on appeal to the county court, the trial being de novo, a motion to quash a writ of sequestration could be there presented for the first time.[7]

An examination of § 143A(a)(2) of Article 6701d, V.A.C.S., reveals no expressed legislative requirement that the motion for a driving safety course be presented only in the court of original jurisdiction. It is presumed the Legislature was aware of the trial de novo provisions of the Constitution and the statutes. If the Legislature had intended to prohibit the presentation of such a motion on trial de novo in county court following conviction in municipal court it could have expressly provided. It did not do so.[8]

Petitioner was entitled to a trial de novo in County Court at Law "the same as if the prosecution had been originally commenced in that court." Article 44.17, supra. His right to file a motion under § 143A(a)(2) on trial de novo was not delimited by his failure to file such motion in the Municipal Court of Austin. We were in error in concluding otherwise on original submission, and the majority is still wrong not to consider the requirements of a trial de novo.

One question remains as I see it, and that is whether petitioner is entitled to manda-mus relief. It has been held that mandamus in a criminal case is not available (1) to compel a discretionary act as distinguished from a ministerial act, and (2) will not lie if petitioner has an adequate remedy at law. See *Ordunez v. Bean,* 579 S.W.2d 911 (Tex. Cr.App.1979); *State ex rel. Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1978). Cf. *Grimm v. Garner,* 589 S.W.2d 955 (Tex. 1979).

There is no dispute that the petitioner's motion complied with the requirements of § 143A(a)(2) and that the statute is mandatory. Only a ministerial act was involved on the respondent Judge's part. However, does the petitioner have an adequate remedy at law if the respondent persists in his refusal to grant the said motion? If the petitioner does, it is by a direct appeal to the Court of Appeals, and this can come only after a trial and conviction in the County Court, and this appeal may not be pursued at all if the fine assessed in County Court for the offense of speeding is $100.00 or less. See Article 4.03, V.A.C.C.P., as amended.

In 37 Tex.Jur.2d, Mandamus B. [Existence of Other Remedy], §§ 12 and 13, pp. 599–606, it is written in part:

"Sec. 12. In general

"Mandamus does not lie where the relator has another plain, effective and adequate remedy to obtain the relief sought . . . For example, mandamus does not

---

7. As earlier noted, a trial de novo is like the granting of a new trial. Article 40.08, V.A.C. C.P., provides:

"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument."

In *Reed v. State,* 516 S.W.2d 680 (Tex.Cr. App.1974), it was held that when the trial court granted the motion for new trial the case remained on the docket in the same position as before the initial trial took place.

It is also observed that Article 44.29, V.A.C. C.P., provides:

"Where the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant, the cause shall stand as if it would

have stood in case the new trial had been granted by the court below."

In *Beardall v. State,* 9 Tex.App. 262 (1880), it was held that the effect of the judgment of reversal was not merely to set aside the immediate proceedings of the court below from which the appeal was taken, *but was to place the entire cause in the same position in which it was before there was any trial of it.* See also *Cox v. State,* 7 Tex.App. 495 (1879); *Hughes v. State,* 68 Tex.Cr.R. 584, 152 S.W. 912 (1913).

8. The Speedy Trial Act (Article 32A.02, V.A.C. C.P.) does not expressly mention a trial de novo. The attorney has held that a trial de novo in county court following conviction in municipal or justice court is subject to the Speedy Trial Act. Op.Atty.Gen. No. H–1130 (1978).

lie where the relator has an effective and adequate remedy by appeal . . . ."

"Sec. 13. Adequacy

"Another existing remedy, to prevent resort to mandamus, must be plain, accurate, certain, speedy, and adequate for relief of the relator. The other remedy must not only be adequate in the general sense of the term, but must be specific and appropriate to the particular circumstances of the case; that is, the remedy must afford relief on the very subject matter of the controversy and give the relator the particular right that the law affords him. Moreover, it must be equally as convenient, beneficial, and effective as the remedy by mandamus, and the issuance of the writ will not be prevented by the existence of other inaccurate or tedious modes of redress."

See also 37 Tex.Jur.2d, Mandamus, § 14, pp. 606–610.

The petitioner having complied with § 143A(a)(2), the respondent was required to grant the motion as a ministerial act. Upon refusal, the only remedy other than mandamus is direct appeal to the Court of Appeals. This means that petitioner would have to complete trial in County Court at Law on the Class C misdemeanor traffic offense of speeding, most likely with the assistance of counsel, at expense to himself and to the state, and then appeal to the Court of Appeals after conviction if the fine imposed is more than $100.00 in order to get a resolution of the question presented. There would be no appeal at all if the fine imposed is $100.00 or less. Section 4.03. It cannot be said the petitioner has an adequate remedy by right of appeal that is certain, and speedy, and is as convenient, beneficial and effective as the remedy of mandamus.

The petitioner is entitled to the issuance of the writ of mandamus. I dissent to the refusal of the majority to grant the relief requested.

W.C. DAVIS and MILLER, JJ., join this opinion.