**Thomas Edward RICHIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53513.**

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order of the trial court revoking a conditional discharge under Sec. 4.12 of the Controlled Substances Act (Art. 4476–15, Vernon's Ann. Civ.Stat.).

On April 3, 1975, appellant entered a plea of guilty before the court to an information charging him with the unlawful possession of a usable quantity of marihuana of not more than two ounces. Upon appellant's application for conditional discharge the court placed him on probation for a period of eight months. One of the conditions of appellant's probation was that he commit no offense against the laws of this State or any other State or the United States. On November 12, 1975, the State filed a motion to revoke the conditional discharge, alleging that on or about August 28, 1975, appellant violated his probation by committing the offense of delivering more than one quarter ounce of marihuana. Following a hearing the court revoked appellant's probation and assessed his punishment at imprisonment in jail for four months and a $500.00 fine. A judgment was entered on February 6, 1975. Appellant then filed a combination motion for new trial and motion in arrest of judgment which was overruled by the court on March 11, 1976. Sentence was immediately pronounced and notice of appeal was given.

The record before us contains a transcription of the court reporter's notes of the hearing on the State's motion to revoke appellant's conditional discharge. It also contains a transcription of the court reporter's notes of the hearing on appellant's combination motion for new trial and motion in arrest of judgment. However, no brief was filed in appellant's behalf pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. Nevertheless, we are confronted with a question of whether the jurisdiction of this Court has been properly invoked in the instant case.

Sec. 4.12 of the Controlled Substances Act provides, in pertinent part:

"(a) If any person who has not previously been convicted of an offense under this Act, or, subsequent to the effective date of this Act, under any statute of the United States or of any State relating to a substance that is defined by this act as a controlled substance, is charged with a violation of this subchapter or is found guilty of a violation of this subchapter after trial or on a plea of guilty, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place him on probation on such reasonable conditions as it may require and for such period as the court may prescribe, except that the probationary period may not exceed two years.

"(b) Upon violation of a condition of the probation, the court may enter an adjudi-

cation of guilt, pronounce sentence, and punish him accordingly. * * * "

 Reading Subsections (a) and (b) together, it is apparent that no judgment is to be entered at the time a conditional discharge is granted but one must be entered at the time the conditional discharge is revoked. In this regard the conditional discharge procedures under Sec. 4.12, supra, are no different than the misdemeanor probation procedures under Art. 42.13, Vernon's Ann.C.C.P.

The record does include an instrument styled "judgment". However, such instrument does not contain all the requisites of Art. 42.01, Vernon's Ann.C.C.P., wherein a judgment is defined. Although the "judgment" in the instant case recites appellant's plea of guilty and the trial court's acceptance of the same, it nowhere states that appellant was adjudged to be guilty of the offense of possession of a usable quantity of not more than two ounces of marihuana as charged in the information. For this reason we have concluded that the instrument does not comport with the requisites of a judgment as defined in Art. 42.01, supra. See Art. 40.09, Sec. 1, Vernon's Ann.C.C.P., and *Savant v. State*, 535 S.W.2d 190 (Tex.Cr.App.1976). Accordingly, the appeal must be dismissed.

If a correct judgment was in fact rendered, but was incorrectly entered on the minutes of the court, such judgment may now be entered nunc pro tunc pursuant to Art. 42.06, Vernon's Ann.C.C.P., under the procedure outlined in *Shaw v. State*, 539 S.W.2d 887 (Tex.Cr.App.1976). If a correct judgment was not, in fact, rendered, the same may now be rendered and entered of record in the presence of appellant and his counsel, after notice and hearing. Sentence should thereafter be pronounced within the time provided by law. Compare *Ausborne v. State*, 499 S.W.2d 179 (Tex.Cr.App.1973), with *Ochoa v. State*, 536 S.W.2d 233 (Tex. Cr.App.1976). Appellant may then give notice of appeal within the ten days after sentence is pronounced as required by Art. 44.08(c), Vernon's Ann.C.C.P., if desired.

For the reasons stated, the appeal is dismissed.

Opinion approved by the Court.