**Albert McINTYRE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60667.**

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 19, 1979.

Rehearing En Banc Denied Oct. 24, 1979.

R. H. Wester, Jr., Seguin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

As appellant describes it in *his*[1] brief, this is "an appeal from a revocation of conditional discharge, and entry of a finding of guilt. . . ." To an indictment charging him with delivering marihuana appellant pled guilty and on January 14, 1977 the trial court noted "conditional discharge granted," and entered an order deferring a finding of guilt for a period of

---

1. We have not been favored with a brief from the State. (All emphasis is supplied through-

out by the writer of this opinion unless otherwise indicated.)

two years on ten stated conditions—essentially the first nine set forth in Article 42.12, § 6, V.A.C.C.P. and the tenth requiring payment of a "probation fee" in a stated amount. July 26, 1978 the State, through its district attorney, filed a petition to request setting aside of deferred adjudication and to enter a finding of guilt, alleging violation of five of the ten conditions previously imposed and praying that a finding of guilty be entered and that appellant be confined in the State penitentiary for a period of two years. After a hearing commenced July 31 and ended August 1, 1978, the judge of the court announced his findings that appellant had violated several of the conditions, specifying them, and based upon those findings ordered the deferred judgment to be set aside and proceeded to find him guilty on the original charge and assessed punishment at two years confinement in the penitentiary. Application for adult probation was denied. On the same day the court entered its written judgment that appellant was guilty of the offense of delivery of marihuana, as confessed by him, and assessed punishment by confinement in the State penitentiary for a term of two years. In due course sentence was pronounced and appellant gave notice of appeal.

In his brief appellant clusters seven points of error under one stated ground upon which reversal is sought: "Appellant bases his appeal upon abuse of discretion of the trial court in its findings of violation of conditions of the Conditional Discharge granted to the appellant." This commendably accurate statement of the situation raises in our minds the threshold question of whether a determination by a court, which has previously granted a conditional discharge in a controlled substances case, to proceed with an adjudication of guilt on the original charge, based upon findings that

one or more conditions have been violated, may be reviewed by this Court on appeal from judgment of conviction and sentence thereafter imposed. We are moved to ponder the matter by the following provisions of § 3d(b), Art. 42.12, V.A.C.C.P.:

> "The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.*"

At the outset we observe that § 4.12 of the Controlled Substances Act, Art. 4476–15, V.A.C.S.[2] is conceptually similar to § 3d of the Adult Probation, Parole and Mandatory Supervision Law, Art. 42.12, V.A.C.C.P.[3] While not limiting or expanding its meaning,[4] caption of the former refers to "Conditional Discharge," a term also adopted by this Court,[5] whereas the latter, although not bearing a caption, has been referred to by us as deferred adjudication of guilt.[6] Nevertheless the Court has noted that the language of both "is very similar" and that the conditional discharge section of the Controlled Substances Act "likewise provides for deferred adjudication of guilt," *Crutchfield,* supra, as indeed it does.

However, there are internal dissimilarities immediately observable which may be of some moment. First, eligibility prerequisites are different: The controlled substance accused must not have been previously convicted of a controlled substance offense; the deferred adjudication accused is considered against serving the best interest of society and the accused. Second, the setting varies somewhat: The controlled substance accused may be conditionally discharged upon a finding of guilt after trial *or* on a plea of guilty; the deferred adjudication accused must enter a plea of guilty

2. Acts 1973, 63rd Leg., ch. 429, effective August 27, 1973.

3. Section 3d was added by Acts 1975, 64th Leg., ch. 231, effective September 1, 1975.

4. See § 3.04, Code Construction Act, Art. 5429b–2, V.A.C.S.

5. See *Richie v. State,* 542 S.W.2d 422 (Tex.Cr. App.1976) and *George v. State,* 557 S.W.2d 787 (Tex.Cr.App.1977).

6. See *Crutchfield v. State,* 560 S.W.2d 685 (Tex.Cr.App.1978) and *Walker v. State,* 557 S.W.2d 785 (Tex.Cr.App.1977).

or *nolo contendere*. Third, the controlled substance accused must consent to the conditional discharge whereas the deferred adjudication accused need not and, indeed, by filing a written motion within 30 days after entering his plea may cause the court to proceed to final adjudication. Fourth, the maximum probationary periods are distinguishable: The probationary period for the conditionally discharged accused may not exceed 2 years; the period for the deferred adjudication accused may not exceed 10 years. Fifth, the proceedings to be followed by the trial court after "violation of a condition of probation" are prescribed differently: As to the conditionally discharged accused, the court may enter an adjudication of guilt, pronounce sentence, and punish him accordingly; as to the deferred adjudication accused, the court holds a hearing to determine whether it proceeds with an adjudication of guilt on the original charge and, if so, then all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation continue as if adjudication of guilt had not been deferred. Sixth, provisions as to appeal are contrasted: None is mentioned for the conditionally discharged accused who violates a condition of probation and his guilt is adjudicated; it is expressly provided that no appeal may be taken by a deferred adjudication accused who violates a condition of probation from the determination by the court to proceed with an adjudication of guilt. Finally, the matter of an appeal from adjudication of guilt and pronouncement of sentence is treated differently: It is simply not specifically provided for the conditionally discharged accused; appeal by the deferred adjudication accused, however, is expressly authorized to "continue as if the adjudication of guilt had not been deferred." [7]

Whether the dissimilarities we have noted create a conflict in the sense that one is a general and the other a special statute, see generally *Thomas v. State,* 129 Tex. Cr.R. 628, 91 S.W.2d 716 (1935), need not concern us because § 4.12(d) of the Controlled Substances Act expressly disclaims any intention that the conditional discharge mechanism is an exclusive procedure; indeed, the Legislature there specifically stated, "Any other procedure provided by law relating to suspension of trial or probation may be followed, in the discretion of the trial court." Our problem, then, is to determine which procedure the trial court below followed.

While the record is not all that clear, we have concluded that appellant invoked and the trial court followed the conditional discharge provisions of the Controlled Substances Act. The offense alleged was delivery of marihuana, a third degree felony with a range of punishment of not more than 10 nor less than 2 years. The original proceedings were before the court, Honorable E. W. Patteson, Judge Presiding. The order of the court deferring judgment recites that the action is taken "with the consent of the defendant"—an express prerequisite of a conditional discharge but is not required for a deferred adjudication. The probationary period prescribed was for 2 years, the limit for a conditional discharge but the minimum for a deferred adjudication. A docket entry apparently made contemporaneously with the order notes "conditional discharge granted." The adjudication proceeding held the following year, was, of course, before the court, Honorable B. B. Schraub, Judge Presiding. At the outset, apparently from reviewing the last entry in the docket sheet the court inquired of appellant if he were the same accused

7. While we are not directly concerned with them in deciding the issue that has been raised, we do note that consequences of final discharge and dismissal also vary: The conditionally discharged accused is the subject of a non-public record of the proceeding to be retained by the director "solely for use" in determining future qualification of the accused for conditional discharge—only one is permitted; the

deferred adjudication accused may have the fact of previously receiving probation admitted in connection with a conviction in the future on the issue of penalty. A common consequential feature is that a discharge and dismissal is not deemed a conviction for purposes of disqualifications or disabilities imposed by law for conviction of an offense.

who at the original trial had been "placed on conditional discharge at that time" and informed him that the State had filed a petition asking the court "to set aside that deferred—that conditional discharge and find you guilty and assess punishment. . . ." While it is true that in the ensuing colloquy Judge Schraub referred to the earlier order as deferred adjudication and in rendering the determination of the court used the terms "deferred judgment" and "conditional discharge" interchangeably, we believe the character of the order entered by Judge Patteson, in the exercise of the discretion of the trial court at the time he was Presiding Judge, is best determined by what the court did and said it was doing in granting conditional discharge. Accordingly, we find that the proceedings are governed by § 4.12 of the Controlled Substances Act.

The question that recurs, then, is whether the determination by the trial court to enter an adjudication of guilt of the offense of delivery of marihuana is reviewable by this Court on an appeal from that judgment and subsequent sentence.

Our analysis begins with the unassailable proposition that unless granted by constitutional bestowal there is no such thing as an inherent right of appeal in this State. *Ex Parte Bennett*, 85 Tex.Cr.R. 315, 211 S.W. 934, 938 (on motion for rehearing, 1919); *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315, 317 (on motion for rehearing, 1951).[8] Nor is there a Federal constitutional right to State appellate review of State criminal convictions, *Estelle v. Durrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Accordingly, "one who would invoke the jurisdiction of the Court of Criminal Appeals must be able to point to some provision of the statute conferring the right of appeal and bring himself within the procedure prescribed by the Legislature," *Ex Parte Minor*, 115 Tex.Cr.R. 634, 27 S.W.2d 805, 807 (1930). In this respect, aside from the loosely framed notion alluded to,[9] *Millican v. State*, supra, is instructive, particularly because it dealt with the "right" of one whose sentence had been suspended and then had the suspension revoked to obtain review of the initial trial proceedings by appealing the final judgment revoking suspended sentence and imposing sentence of confinement. The court pointed out, though, that by virtue of a legislative amendment that character of review was no longer available for, "The right to fix appeals being committed to the legislature by the Constitution, such body had the right to give, and having given, would have the right to take away."

Article 4.03, V.A.C.C.P. provides broadly that this Court "shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases." But the Court has held that this general legislative grant of appellate jurisdiction does not constitute sufficient authority to review every adverse order or ruling rendered by a lower court. See *Basaldua v. State*, 558 S.W.2d 2, 5 (1977); cf. *Houlihan v. State*, 579 S.W.2d 213, 216 (Tex.Cr.App.1979). In § 4.12 of the Controlled Substances Act the Legislature simply did not address the matter of an appeal from, or right to review, a finding by the trial court that a condition of probation had been violated, based upon which the trial court "may" enter an adjudication of guilt.

In every instance of probation within the meaning of the Adult Probation, Parole and

8. Occasionally this Court has expressed the notion that "the right of appeal is conferred only by the Constitution, with such exceptions or limitations as the legislature directs by statute," *Millican v. State*, 145 Tex.Cr.R. 195, 167 S.W.2d 188, (on motion for rehearing, 1943), thereby suggesting that the language of Art. V, § 5, of the Texas Constitution conferring upon this Court appellate jurisdiction in all criminal cases of whatever grade may be read as creating a correlative right of appeal to this Court.

The genesis of the erroneous notion is found and explicated in *King v. State*, 105 Tex.Cr.R. 416, 289 S.W. 69, 71 (1926) and the correct view is reaffirmed: ". . . it was contended that the right of appeal in all criminal cases arose from the Constitution. Upon that point this Court expressed the opinion that the privilege of appeal depended upon the statute. To that view we adhere."

9. See n. 8, *Millican*, supra.

Mandatory Supervision Law, Art. 42.12, V.A.C.C.P., and the Misdemeanor Probation Law, Art. 42.13, V.A.C.C.P., the Legislature has made express provisions for appeal of the revocation of probation, as well as the initial grant of probation. Section 8(b), Art. 42.12 and § 8(a), Art. 42.13. So also in the instance of the deferred adjudication procedure of § 3d, Art. 42.12, although it took pains to point out that an appeal may not be taken from the determination of the court, based upon finding a violation of a condition of probation, whether to proceed with an adjudication of guilt on the original charge. From the silence of the Legislature in § 4.12 of the Controlled Substances Act on the matter of appeal, in a context of verbalizing the right to appeal in probation cases, may we conclude that the Legislature deliberately deprived an accused of obtaining review in this Court of his contention that a trial court abused its discretion in finding a violation of condition of "probation" and proceeding to enter an adjudication of guilt for an offense denounced by the Controlled Substances Act?

We believe that evident policy considerations underlying the conditional discharge provisions of the Controlled Substances Act are sufficiently distinctive to warrant the conclusion that the Legislature, by not providing for appellate review, intended that there be none. Quite unlike "regular" probation that comes after an adjudication of guilt, assessment of punishment, a favorable recommendation by a jury or, in most cases where the investigatory personnel are available, an optimistic presentence report to the court and suspension of imposition of sentence, the Controlled Substances Act clearly contemplates that the sharply limited and highly selective class of offenders is to be subjected to relatively less exposure to the criminal justice system. An accused who engages in first time conduct no more offensive to the Controlled Substances Act than to earn a probationary period not to exceed 2 years might reasonably have been characterized by the Legislature as one

whose youth, naivete, experimentation, peer pressure or other mitigating or extenuating experiences contributed to commission of the offense. With this permissible view, the Legislature was authorized to call upon the trial courts and their judges to exercise an extraordinarily exquisite sense of discriminating discretion in granting a conditional discharge. The ultimate purpose of "regular" probation is to rehabilitate the convicted defendant without confinement. But the true objective of the conditional discharge is to divert the accused from the rest of the gauntlet run of the criminal justice system and the function of the trial court is to enter into a clearly understood pact with the accused that will induce and persuade him to follow the diversionary road. That the Legislature authorized the trial court as an inducement and encouragement to utilize "probation" does not necessarily mean that the Legislature had "regular" probation in mind for it prescribed only "such reasonable conditions" as the trial court "may require" and "for such period" as the court may prescribe—again, not to exceed 2 years.[10] Meanwhile, a judgment of guilt is not entered, punishment, as such, is not assessed and, of course, sentence has neither been imposed nor suspended. In essence, what has happened is that the movement of the course of developments in a criminal action has been temporarily stilled and the accused has been permitted an opportunity to demonstrate his capacity for prescribed good behavior during a specified period. If he succeeds, the movement is reversed and disappears; however, should he fail, the movement in the criminal action continues with the normal incidents of trial.

In this light, we believe the deliberation of the trial court in determining, after finding violation of a condition of "probation," whether to enter an adjudication of guilt on the original charge and carry out the concomitant procedures following is a matter of absolute discretion to be exercised by the trial court without review by this Court.

10. Prescribing different consequences to the successful conditionally discharged accused and the probationer, see n. 7, supra, reflects the

legislative understanding that the former is not on "regular" probation.

Accordingly, we hold that the determination by a trial court to enter an adjudication of guilt of whatever controlled substance offense is charged in the indictment against the conditionally discharged accused who has violated a condition of his "probation" is not reviewable by this Court on an appeal from the judgment and subsequent sentence.

Therefore, since the general ground upon which reversal is sought by appellant in this cause is not reviewable and he makes no contention whatsoever concerning validity of any other aspect of this cause, the judgment of conviction is affirmed.