**Brenda Lee JACOLOS, T/N Brenda Lee Jacobs, and Dana Dalano Daniels, Petitioners,**

v.

**Honorable Robert MOSS, Judge of the County Criminal Court No. 10 of Dallas County, Appellee.**

No. 05–83–01508–CR.

Court of Appeals of Texas, Dallas.

Nov. 8, 1984.

James M. Murphy, Dallas, for petitioners.

Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and ROWE, JJ.

ROWE, Justice.

Petitioners filed this application for a writ of mandamus, or alternatively prohibition, from an "Order of Conditional Discharge" granted under TEX.REV.CIV. STAT.ANN. art. 4476–15, § 4.12 (Vernon

Supp.1983) (the Controlled Substance Act) by the Honorable Robert Moss, Judge of the County Criminal Court No. 10 of Dallas County. Our first question is whether mandamus will lie. We hold that it will. Our second question is whether the assessments of fines and court costs provided for in the order are "reasonable conditions" of probation under section 4.12. We hold that they are. Accordingly, we deny petitioners' writ.

■ The State contends initially that, despite the broad mandamus jurisdiction conferred on our court by TEX.REV.CIV. STAT.ANN. art. 1824 (Vernon Supp.1983), mandamus will not lie in this case. The State argues that petitioners could and should be required to litigate by direct appeal any impropriety in the assessment of fines and court costs included in an order of conditional discharge. We cannot agree. The Court of Criminal Appeals addressed the question of direct appeal in the context of TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.12 (Vernon 1974) in *Richie v. State,* 542 S.W.2d 422, 424 (Tex.Crim.App.1976), and in *McIntyre v. State,* 587 S.W.2d 413, 418 (Tex.Crim.App.1979). Both of these cases held that no appeal would lie from the grant of a conditional discharge under section 4.12 of the Controlled Substances Act; an appeal can be taken only when that conditional discharge is revoked and a judgment of guilt rendered. Because an adequate remedy at law by direct appeal does not exist under the present state of trial court proceedings, we hold that mandamus will lie. These petitioners[1] should not be forced to breach a purported condition of conditional discharge and suffer an adjudication of guilt in order to attack the statutory propriety of the trial judge's imposition of these fines and court costs.[2] To

---

**1.** In our opinion, conditional discharge under section 4.12 is distinguishable from deferred adjudication under TEX.CODE CRIM.PROC. ANN. art. 42.12 (Vernon 1979 and Vernon Supp. 1984) insofar as the right to mandamus is concerned. We concede that the only procedure whereby an appellant may contest an unacceptable provision in an order deferring adjudication is to move for final adjudication. *Peters v.*

*State,* 651 S.W.2d 31, 34 (Tex.App.—Dallas 1983, pet. dism'd).

**2.** In the instant situation, the trial court did voluntarily agree not to issue a capias pro fine in each case pending resolution of this application.

place such a requirement upon these offenders would be contrary to the Legislature's exemptive intent, behind the enactment of the "conditional discharge" provisions of section 4.12, that a certain highly selective class, of which petitioners are members, should thereunder "be subjected to relatively *less* exposure to the criminal justice system." [emphasis added]. *McIntyre*, 587 S.W.2d at 417.

In the trial court petitioners pleaded guilty to possessing less than two ounces of marijuana and were placed upon conditional discharge probation. Ten days' confinement in county jail,[3] the payment of a $300 fine, and the payment of court costs were made the conditions of probation for each probationer. Petitioners now contend that a trial judge may never assess fines and costs while utilizing the conditional discharge provisions of TEX.REV.CIV.STAT. ANN. art. 4476-15, § 4.12 (Vernon Supp. 1983). We disagree. Section 4.12 provides:

> If any person who has not been convicted of an offense under this Act, or subsequent to the effective date of this Act, under any statute of the United States, or of any state relating to a substance that is defined by this Act as a controlled substance, is charged with or found guilty of a violation of this subchapter, except an aggravated offense or an offense under Section 4.051 or 4.052 of this Act, after trial or on a plea of guilty, the court may, *without entering a judgment of guilt* and with the consent of the defendant, defer further proceedings and place him on probation on such *reasonable conditions* as it may require and for such period as the court may prescribe, except the probationary period may not exceed two years. [Emphasis added].

The only mention made in this statute concerning the conditions of probation is that they be "reasonable" and that the trial judge deem them to be required as part of the conditional discharge. *McIntyre v. State*, 587 S.W.2d 413, 417 (Tex.Crim.App. 1979) teaches us that by enacting section 4.12 the Legislature called upon trial judges "to exercise an extraordinarily exquisite sense of discriminating discretion" in the granting of a conditional discharge. *McIntyre* also teaches that the true objective of a conditional discharge is "to divert the accused from the rest of the gauntlet run of the criminal justice system" and that the function of the trial court is to enter into a clearly understood pact with the accused "that will induce and persuade him to follow the diversionary road." In the absence of a clear showing to the contrary, we must presume the trial judge believed that in this case the assessment of fines and costs would assist in accomplishing the statutory goal. If such was the intention, this condition qualifies as a reasonable one within the purpose of section 4.12. Accordingly, although we have jurisdiction to exercise mandamus, we deny the writ in this case because the condition complained of is not one beyond the sound discretion of the trial judge to impose.

VANCE, J., dissents without written opinion.

---

3. No complaint has been made with respect to the ten-day jail sentence. Consequently, we need not pass upon whether the jail sentence is a "reasonable condition" of conditional discharge under section 4.12. In this respect, it appears to us that an assessment of a fine and costs is a less onerous punishment than a jail term.