

# The Attorney General of Texas

July 22, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. S. Kent Gibson
Wood County Auditor
Courthouse
Quitman, Texas    75783

Opinion No. JM-526

Re: Suspension of fines and deferrals of final disposition under article 45.54 of the Code of Criminal Procedure

Dear Mr. Gibson:

You have inquired about the construction and application of article 45.54 of the Code of Criminal Procedure. Article 45.54 of the Code of Criminal Procedure provides:

(1) Upon conviction of the defendant of a misdemeanor punishable by fine only, other than a misdemeanor described by Section 143A, Uniform Act regulating Traffic on Highways, as amended (Article 6701d, Vernon's Texas Civil Statutes), the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days.

(2) During said deferral period, the justice may require the defendant to:

(a) post a bond in the amount of the fine assessed to secure payment of the fine;

(b) pay restitution to the victim of the offense in an amount not to exceed the fine assessed;

(c) submit to professional counseling; and

(d) comply with any other reasonable condition, other than payment of all or part of the fine assessed.

(3) At the conclusion of the deferral period, if the defendant presents satisfactory evidence that he has complied with the requirements imposed, the justice may dismiss the complaint. Otherwise,

the justice may reduce the fine assessed or may then impose the fine assessed. If the complaint is dismissed, a special expense not to exceed $50 may be imposed.

(4) Records relating to a complaint dismissed as provided by this article may not be expunged under Article 55.01 of this code. (Emphasis added).

The legislature enacted this statute to enable a "justice" to make a form of probation available to defendants convicted of offenses with a maximum punishment of a fine not to exceed $200, i.e. Class C misdemeanors. See Acts 1981, 67th Leg., ch. 318, §1, at 894 eff. Sept. 1, 1981. Penal Code §12.23. This office has previously characterized article 45.54 as a form of "probation" although the statute does not use the term. See Attorney General Opinion JM-307 (1985); see also Baker & Bubany, "Probation for Class C Misdemeanors: To Fine or Not to Fine is Now the Question," 22 So. Tex. L.J. 249 (1981). Prior to that time, there was no legislative authorization to allow probation in non-traffic misdemeanor offenses punishable by fine only. See Code Crim. Proc. art. 42.13; see also Attorney General Opinion H-1128 (1978).

It is well-settled law in this state that the relationship between the probationer and the state is contractual in nature. See Vanderburg v. State, 681 S.W.2d 713, 719 (Tex. App. - Houston [14th Dist.] 1984, no writ); see also Bradley v. State, 564 S.W.2d 727 (Tex. Crim. App. 1978) (en banc). Therefore, it is reasonable to conclude that the form of "probation" authorized by article 45.54 may only be applicable when the defendant has agreed to the conditions of the deferral period.

In regard to section 1 of article 45.54 of the Code of Criminal Procedure you have asked the following questions:

1. Can a county judge or a municipal judge take action under this article?

2. Can a county court or justice court suspend fines and defer final disposition of traffic offenses (such as speeding) described in article 6701d, V.T.C.S., under article 45.54 of the Code of Criminal Procedure?

3. Can a county or justice court suspend fines and defer final disposition of offenses described in article 6687b, V.T.C.S., under article 45.54 of the Code of Criminal Procedure?

> 4. If offenses under 6687b or 6601d are allowed fine suspension and deferral of final disposition under article 45.54, is the $12.50 Compensation to Victims of Crime Fund cost to be collected at the time the complaint is dismissed and the special expense fee of $50.00 imposed? Also, is the $3.00 arrest fee allowed under article 53.01 to be collected?

In answer to the first question, we conclude that section 1 of article 45.54 of the Code of Criminal Procedure applies to a municipal judge as well as a justice of the peace. This provision was enacted as part of Senate Bill No. 914 by the Sixty-seventh Legislature. Acts 1981, 67th Leg., ch. 318, at 894. The Bill Analysis prepared for Senate Bill No. 914 stated that the Code of Criminal Procedure did not provide for deferred prosecution of Class C misdemeanors in justice and corporation courts, and the proposed legislation was intended to give this power to these courts. Senate Comm. on Jurisprudence, Bill Analysis for S.B. No. 914, 67th Leg. (1981). Moreover, the title to Senate Bill No. 914 states in part:

> An Act . . . authorizing the court to impose conditions and to dismiss the complaint. . . . (Emphasis added).

Acts 1981, 67th Leg., ch. 318, at 894. The bill analysis and the title to the bill indicate the legislature's understanding that "justice" refers to a justice of the peace and a municipal judge.

The question of whether a county judge may take action under article 45.54 should be discussed in light of the Texas Court of Criminal Appeal's en banc decision in Kutner v. Russell, 658 S.W.2d 585 (Tex. Crim. App. 1983). In Kutner, supra, the court held that when a person stands charged with a misdemenor traffic offense in which he may invoke section 143A of article 6701d of V.T.C.S., and he has a choice between going to trial or taking driving courses, he cannot invoke the statute on appeal in county court to take defensive driving courses after choosing to go to trial and having been convicted. Id. at 586. The court reasoned that since the county court is not "the court" that the defendant was charged in, the county court had no statutory power to grant defensive driving under section 143A(a)(2) of article 6701d of V.T.C.S. The court ignored Judge Onion's argument that article V, section 16 of the Texas Constitution and article 44.17 of the Code of Criminal Procedure requires that the appellate jurisdiction of the county court requires that these cases should be "the same as if the prosecution has been originally commenced in that court." Id. at 589-91; see also Code Crim. Proc. art. 44.17.

Likewise, we believe that the Texas Court of Criminal Appeals will take a similar position in the construction of article 45.54. Kutner, supports the conclusion that the county court has no statutory power to invoke article 45.54 when a defendant has been originally charged and convicted in a municipal or justice court because, like section 143A of article 6701d, the legislature did not expressly provide for this purpose or construction. Accordingly, we conclude that only a municipal judge and a justice of the peace may take action under article 45.54 of the Code of Criminal Procedure.

Your second question addresses the application of article 45.54 of the Code of Criminal Procedure to traffic offenses (such as speeding) described in article 6701d, V.T.C.S. Article 45.54 does not apply to these offenses. Article 45.54 expressly excludes from its provisions misdemeanor traffic offenses described by section 143A of article 6701d, V.T.C.S., Uniform Act Regulating Traffic on Highways. See Code Crim. Proc. art. 45.54, §1. Section 143A of article 6701d, V.T.C.S., applies to all misdemeanor traffic offenses defined under article 6701d, except the offense of reckless driving under section 51, which is punishable as a Class B misdemeanor within the jurisdiction of the county court. V.T.C.S. art. 6701d, §143A; Code Crim. Proc. art. 4.07 (jurisdiction of county court over Class B misdemeanors). Article 45.54 does not apply to Class B misdemeanors. The offense of speeding is defined in article 6701d, V.T.C.S. See V.T.C.S. art. 6701d, §166. Accordingly, a justice, or municipal court may not suspend fines and defer final disposition of speeding offenses described in article 6701d, V.T.C.S., under article 45.54 of the Code of Criminal Procedure. Cf. Kutner v. Russell, 658 S.W.2d 585 (Tex. Crim. App. 1983); Attorney General Opinion MW-428 (1982).

Your third question relates to the application of article 45.54 to offenses defined under article 6687b, V.T.C.S. These offenses relate to driver's license requirements within the state of Texas. Since article 45.54 applies to all Class C misdemeanors except those specifically excluded, we conclude that a conviction of any Class C misdemeanor offense defined by article 6687b, V.T.C.S., may be deferred under article 45.54. See V.T.C.S. art. 6687b, §13 (guilty of first offense of failure to display driver's license is a Class C misdemeanor).

Because we have concluded that article 45.54 applies to Class C misdemeanor offenses under article 6687b, V.T.C.S., we will now address your fourth question. The first part of this question asks whether a $12.50 fee may be collected for the Compensation to Victims of Crime Fund at the time the complaint is dismissed and the special expense fee is collected. In 1985, the Sixty-ninth Legislature amended section 14(b) of article 8309-1, V.T.C.S., to change the amount of the fee collected in Class C misdemeanor cases from $12.50 to $3.00. See Acts 1985, 69th Leg., ch. 589, §1, at 4507, eff. Sept. 1, 1985. The

Crime Victims Compensation Act, article 8309-1 et seq., creates the Compensation to Victims of Crime Fund to be used by the Industrial Accident Board for the payment of compensation to claimants under the act and other expenses in administering the act. See V.T.C.S. art. 8309-1, §14(a). Section 14(b) of the act provides in part:

> (b) A person shall pay . . . $3 as a court cost, on conviction of a misdemeanor punishable by a fine of not more than $200, other than a misdemeanor that regulates pedestrians and the parking of motor vehicles. The court shall assess and make a reasonable effort to collect the cost due under this section whether or not any other court cost is assessed or collected. . . . If a person is granted deferred adjudication under Article . . . 45.54, Code of Criminal Procedure, 1965, as amended, at the time the court grants deferred adjudication, <u>the person shall pay as a court cost the amount that the person would have otherwise been required to pay under this subsection had the adjudication not been deferred and had the person been finally convicted of the offense.</u> (Emphasis added).

V.T.C.S. art. 8309-1, §14(b). A person must be convicted before article 45.54 of the Code of Criminal Procedure is applicable in a particular case and the language used by the legislature in section 14(b) requires us to conclude that a defendant is to pay the $3.00 court cost at the time of conviction rather than at the time the complaint is dismissed under section 3 of article 45.54. Of course, when the complaint is dismissed, a special expense fee not to exceed $50 may be imposed. See Code Crim. Proc. art. 45.54, §(3).

Your final question in regard to the collection of fees is whether the $3.00 arrest fee allowed under article 53.01 of the Code of Criminal Procedure is to be collected at the time the complaint is dismissed. We are of the opinion that the $3.00 fee should be collected upon conviction rather than at the time the complaint is dismissed.

Article 53.01 of the Code of Criminal Procedure allows a $3.00 fee to be taxed by a peace officer against the defendant "on conviction" for his services for executing each warrant of arrest or capias, or making an arrest without a warrant. See Code Crim. Proc. art. 53.01, §1; see also Attorney General Opinion MW-561 (1982). Since article 53.01 specifically provides that the $3.00 fee should be taxed "on conviction" of the defendant, we believe that the fee should be collected at the time the defendant is convicted of the offense rather

than at the time the complaint is dismissed under section 3 of article 45.54 of the Code of Criminal Procedure.

You also ask the following three questions in regard to the deferral period under section 2 of article 45.54 of the Code of Criminal Procedure:

> 1. Can the provisions of the bond mentioned in section 2(a) of article 45.54 include the conditions of the deferral period?
>
> 2. Can the court require a cash bond?
>
> 3. What is the liability of the county, if someone is working as a condition of the deferral and is injured while working?

As quoted above, section 2(a) of article 45.54 of the Code of Criminal Procedure authorizes a judicial officer to require the defendant to post bond in the amount of the fine assessed to secure payment of the fine. See Code Crim. Proc. art. 45.54, §2(a). The judicial officer may only require the defendant to post this bond during the "deferred period." Id. In response to your first question, the court may not require the defendant to comply with any other condition of the deferral, as a condition of the bond. The bond is only one of the three conditions under section 2. Id.

We also believe that the legislature did not intend in section 2 of article 45.54 to authorize the court to require a cash bond. As indicated above, section 2 authorizes a judicial officer to require the defendant to post bond "in the amount of the fine assessed . . . to secure payment of the fine." See Code Crim. Proc. art. 45.54, §2(a). (Emphasis added). It is our opinion that the legislature would have specified "cash" bond if it intended that the defendant could post cash only to secure payment of the fine. The courts have construed provisions authorizing the posting of bonds to allow surety bonds as well as cash bonds. See Ex Parte Rodriguez, 583 S.W.2d 792 (Tex. Crim. App. 1979); see also Attorney General Opinion JM-363 (1985). Moreover, section 2(d) which specifically prohibits the defendant from paying all or part of the fine assessed, lends support to the construction that the legislature did not intend the posting or paying of money to insure that the fine is paid or that other conditions of deferral are met.

Article 45.54 also authorizes a judicial officer to require a convicted defendant to obtain employment as a condition of the deferral so long as the condition of employment is reasonable. See Code Crim. Proc. art. 45.54, §2(d). Thus, if the defendant is injured on the job while working under these circumstances, the

employer, not the county, may be liable for the injury. See generally Zurich General Accident & Liability Insurance Co. v. Fort Worth Laundry Co., 63 S.W.2d 263 (Tex. Civ. App. - Fort Worth 1933, no writ) (employee's liability is founded on some legal duty). But, if the county is the employer, the county may be liable for personal injuries of the defendant under the same conditions it would be liable to any other employee. Compare V.T.C.S. art. 6252-19, §3 (repealed 1985), with Code Crim. Proc. art. 42.12, §6d(f) (condition imposed on governmental units to limit liability for felony probationers' employment injuries).

Finally, you ask the following three questions:

>    1. If the defendant serves the deferral period, the complaint is dismissed, a special expense fee is imposed, and the defendant fails to pay the special expense fee, how may the court collect the special expense fee?

>    2. Upon conviction after a trial in justice court, does the court have discretion to place someone on deferral under article 45.54 of the Code of Criminal Procedure? Can deferral be appealed by the defendant to county court? If so, under what circumstances?

>    3. If a municipal court case is appealed to county court, the defendant is found guilty and placed on deferral, and a special expense fee is assessed, who is entitled to the special expense fee, the county or the city?

As to the first question, the special expense fee is not a condition of deferral but is an added expense which may be imposed by the court after the complaint is dismissed. Compare Attorney General Opinion JM-165 (1984). If the defendant fails to pay this additional cost, the court may issue a writ of execution to enforce payment. See Code Crim. Proc. art. 43.07.

In regard to the first part of your second question, we believe that based on our previous discussion that the court must have the consent of the defendant before any probation may be imposed, the court has the discretion to place someone on deferral under article 45.54 of the Code of Criminal Procedure. Section 1 of article 45.54 specifically provides that the justice "may . . . defer the final disposition of the case. . . ." Code Crim. Proc. art. 45.54, §1 (Emphasis added). The term "may" generally creates a discretionary and not a mandatory function. See Matter of Estate of Minnick, 653 S.W.2d 503 (Tex. Civ. App. - Amarillo 1983, no writ); see also

Attorney General Opinion JM-319 (1985); Texas Legislative Council Drafting Manual, Texas Legislative Council, Austin, Texas, 1985, at 7-37. ("may" used to denote a privilege or discretionary power). Of course, this discretion may not be exercised if the defendant elects to pay the fine imposed.

The second part of the second question relates to the right of a defendant to appeal a deferral condition imposed by a justice to a county court. It is clear that a defendant has the right of appeal for a review of his trial and conviction at the time he is placed on probation. See Fitzpatrick v. State, 458 S.W.2d 924 (Tex. Crim. App. 1970); see also Code Crim. Proc. art. 42.12, §8(b); art. 44.17. However, the legislature did not address, in article 45.54, the matter of appeal from, or right to review, a finding by the trial court of noncompliance, a refusal to dismiss the complaint, and a decision to impose the deferred fine. We are of the opinion that the legislature did not intend to provide the right to appeal. In every circumstance where there was a right to appeal, there has been an explicit right provided by statute. See Code Crim. Proc. art. 42.12, §8(b). On the other hand, where the legislature did not intend a right to appeal in a particular circumstance, there has not been a statutory right provided. See Jacolos v. Moss, 682 S.W.2d 364 (Tex. App. - Dallas 1984, no writ); see also McIntyre v. State, 587 S.W.2d 413, 417 (Tex. Crim. App. 1979). Accordingly, we conclude that a defendant does not have the right to appeal a deferral condition imposed pursuant to article 45.54 of the Code of Criminal Procedure.

Finally, you ask if a municipal case is appealed to county court, and the defendant is found guilty and placed on deferral, which governmental entity, the city or the county, is entitled to the special expense fee assessed by the county court. The fee may only be imposed if the complaint is dismissed. Code Crim. Proc. art. 45.54, §3. Since we have concluded above that a county judge cannot invoke article 45.54, i.e., dismiss the complaint, the city is entitled to the fee. Cf. Code Crim. Proc. art. 45.11 (fees should be deposited in the municipal treasury).

## S U M M A R Y

1. The legislature, in using the term "justice" in section 1 of article 45.54 of the Code of Criminal Procedure intended to include justices of the peace and municipal judges.

2. Article 45.54 of the Code of Criminal Procedure does not apply to traffic offenses (such as speeding) defined under article 6701d, V.T.C.S.

3. Article 45.54 of the Code of Criminal procedure does apply to conviction of a Class C misdemeanor defined under article 6687b, V.T.C.S.

4. A $3.00 compensation to victims fee may be collected from a defendant convicted of an offense defined under article 6687b, V.T.C.S. The fee may be collected at the time of conviction.

5. The $3.00 arrest fee which is allowed to be collected under article 53.01 of the Code of Criminal Procedure is to be collected at the time of conviction rather than at the time the complaint is dismissed under article 45.54 of the Code of Criminal Procedure.

6. A court may not require a defendant, as a condition of a bond under section 2 of article 45.54, to comply with any other condition of the deferral. The bond is only one of the three conditions under section 2.

7. A court cannot require a cash bond under section 2 of article 45.54 of the Code of Criminal Procedure.

8. If a convicted defendant is required to obtain employment with the county, as a condition of his deferral under article 45.54 of the Code of Criminal Procedure, the county may be held liable for personal injuries if the defendant is injured on the job.

9. Since the special expense fee authorized by section 3 of article 45.54 of the Code of Criminal Procedure is an added expense which may be imposed by the court after the complaint is dismissed, the court may issue a writ of execution under article 43.07 of the Code of Criminal Procedure to enforce payment of the fee.

10. A court has discretion to place a defendant on deferral under article 45.54 of the Code of Criminal Procedure.

11. The legislature did not provide a defendant the statutory right to appeal a deferral condition imposed by a trial court under article

45.54 of the Code of Criminal Procedure. The defendant does not have this right.

12. The judicial official dismissing a complaint under section 3 of article 45.54 of the Code of Criminal Procedure is the only official who may impose a special expense fee.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General