02-09-368&369-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NOS.  02-09-00368-CR

          02-09-00369-CR

 

 


 
 
 Joel D. Miles
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

OPINION

----------

 

I. 
Introduction

          Appellant
Joel D. Miles received deferred adjudication community supervision after he
pleaded guilty to assault causing injury to a family member and possession of
less than one gram of heroin.  The State subsequently filed petitions to
proceed to adjudication in both cases, alleging that Appellant committed a new robbery
offense in violation of one of the conditions of his community supervision.  Appellant
pleaded not true to the new offense, and following the presentation of evidence,
the trial court found the State’s allegation true and adjudicated Appellant’s guilt
in both cases.  The trial court sentenced Appellant to twenty years’
confinement for assault causing injury to a family member and 180 days’
confinement for heroin possession.  Appellant contends in one point on appeal
that the trial court abused its discretion by revoking his community
supervision and adjudicating his guilt in both cases because the evidence is
insufficient to establish that he was the perpetrator of the new offense.  We
affirm.

II. 
Background

          On
June 1, 2009, the trial court placed Appellant on deferred adjudication community
supervision and ordered him to comply with certain terms and conditions,
including that Appellant not “commit [an] offense against the laws of this
State or any other state or of the United States.”  One month later, the State
petitioned the trial court to proceed to adjudication alleging that on or about
June 25, 2009, Appellant “intentionally or knowingly, while in the course of
committing theft of property and with intent to obtain or maintain control of
said property, cause[d] bodily injury, to Nora Rojo by striking her with [his]
hand.”  At the revocation hearing, Appellant pleaded not true to the new
offense.

At
the revocation hearing, Nora
Rojo testified that an assailant approached her car in a store parking lot,
pushed her, hit her in the stomach, grabbed her purse, and fled.  Rojo and her
son chased after the assailant until he jumped into a car and sped off.  Miguel
Fernandez and Edgar Rodriguez both testified to being in the area at the time
of the offense and seeing a man with a purse being chased by a woman and a
man.  Fernandez and Rodriguez testified that the man with the purse drove off in
a gold or silver car, and Fernandez memorized the car’s license plate number as
BMK196.  In addition, Fernandez and Rodriguez each identified Appellant in open
court as the perpetrator.

          Officer
Justin Tulles testified that he ran a computer check on the suspect’s license
plate number and drove toward the associated address where, shortly thereafter,
a vehicle displaying the identified license plate number approached and parked
in the driveway.  Officer Tulles requested backup, and officers took the driver
and his passenger into custody.  Officers transported the driver (whom Officer
Tulles identified in open court as Appellant) back to the robbery scene for
potential identification by witnesses.

          Rojo
testified that she told the officers that the suspect in the patrol car was
wearing the same clothes as her assailant—a white t-shirt with another
sleeveless, white t-shirt on top and dark pants.  During cross-examination, however,
Rojo stated, “I don’t remember the clothes.”  Neither party asked Rojo to
identify Appellant as her assailant in open court.

          Fernandez
identified the suspect sitting in the patrol car as Rojo’s assailant after
looking at him for what Fernandez said was ten minutes.  Fernandez testified
that Appellant had “the same features” as the perpetrator, explaining that he
“got to see a good image of [the perpetrator] but not too well.”  Fernandez
testified that, at the time of the offense, the perpetrator wore a white shirt
with a design on the front and dark blue jeans.  Fernandez said the suspect in
the squad car wore the same jeans as the assailant but was wearing a different
shirt.

          Rodriguez
testified that he “immediately” recognized the suspect in the patrol car as the
assailant.  He said that the assailant was wearing a blue shirt, a hat, and
pants rolled up at the bottom at the time of the offense.  He further stated
that the suspect in the patrol car was wearing the same pants but that the
suspect wore a tank top instead of a t-shirt and no hat.  However, Rodriguez
testified that he was “99 percent positive” that he identified the correct
person and that the police had not improperly suggested that he identify
Appellant as the perpetrator.

          The
trial court found that Appellant violated the conditions of his community
supervision by committing a new offense, entered findings of guilt on the two
deferred cases, and sentenced Appellant to concurrent sentences of twenty years’
confinement for the deferred assault case[1] and 180 days’ confinement
for the deferred possession case.

III. 
Discussion

A.  Applicable Law

          Under
Article 42.12, section 5 of the code of criminal procedure, a trial court may place
a defendant on deferred adjudication after receiving a plea of guilty or nolo
contendere—i.e., after receiving a plea of guilty or nolo contendere, the trial
court may defer further proceedings without making a finding of guilt and
impose community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West
Supp. 2010); see Donovan v. State, 68 S.W.3d 633, 636 (Tex. Crim. App.
2002).  The trial court retains jurisdiction over the defendant for the
duration of the community supervision imposed and may revoke, terminate, or
modify the terms.  See Tex. Code Crim. Proc. Ann. art. 42.12, § 5.  Generally,
the trial court possesses broad discretion in supervising a defendant placed on
community supervision.  See Speth v. State, 6 S.W.3d 530, 533–34
(Tex. Crim. App. 1999) (discussing trial court’s discretion in context of
deferred adjudication); Brooks v. State, 153 S.W.3d 124, 126 (Tex.
App.—Beaumont 2004, no pet.) (discussing trial court’s discretion in context of
shock probation).  The court of criminal appeals has noted that “‘the true
objective’ of deferred adjudication ‘is to divert the accused from the gauntlet
run of the criminal justice system’ and to allow the judge to ‘enter into a
clearly understood pact with the accused that will induce and persuade him to
follow the diversionary road.’”  Taylor v. State, 131 S.W.3d 497, 499–500
(Tex. Crim. App. 2004) (quoting McIntyre v. State, 587 S.W.2d 413, 417
(Tex. Crim. App. [Panel Op.] 1979)).  When the trial court defers adjudication,
“[t]he case is ‘temporarily stilled and the accused . . . [is] permitted an
opportunity to demonstrate his capacity for prescribed good behavior during a
specified period.’”  Id. (quoting McIntyre, 587 S.W.2d at 417). 
“If the defendant succeeds, the case, for most purposes, ‘disappears.’”  Id.
(quoting McIntyre, 587 S.W.2d at 417).  “If he fails, the case continues
on as if it had never been interrupted.”  Id.

B.  Standard of Review

A
revocation hearing is neither criminal nor civil in nature; rather, it is an
administrative proceeding.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993); Chambers v. State, 700 S.W.2d 597, 598–99 (Tex. Crim.
App. 1985) (observing that “[r]evocation proceedings for deferred adjudication
probation and ‘regular’ probation are essentially administrative proceedings
and do not involve the same panoply of rights and considerations applicable to
a formal criminal trial”), overruled on other grounds by Reynolds v. State,
4 S.W.3d 13 (Tex. Crim. App. 1999); Canseco v. State, 199 S.W.3d 437,
438 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d); Becker v. State,
33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet.).  Thus, the standard of
proof needed to show the truth of an allegation is less than that in a criminal
trial.[2]  Akbar v. State,
190 S.W.3d 119, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The
State must prove by a preponderance of the evidence that the defendant violated
the terms and conditions of community supervision.  Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The State satisfies this burden
when the greater weight of the credible evidence before the court creates a
reasonable belief that it is more probable than not that the defendant has
violated a condition of his probation as alleged in the State’s motion.  Id.
at 763–64; Cobb, 851 S.W.2d at 873.

          Appellate
review of an order revoking community supervision is limited to determining
whether the trial court abused its discretion.  Rickels, 202 S.W.3d at
763; Cherry v. State, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007,
pet. ref’d); Becker, 33 S.W.3d at 66 (“Given the broad discretion vested
in the trial court and the nature of the proceeding, the courts have
traditionally held that the only issue presented in an appeal from an order
revoking probation is whether the trial court abused its discretion.”).  A
trial court abuses its discretion if the decision is so clearly wrong as to lie
outside the zone within which reasonable persons might disagree.  Mauney v. State,
107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.) (citing Cantu v. State,
842 S.W.2d 667, 682 (Tex. Crim. App. 1992)).  The trial court is the sole judge
of the credibility of the witnesses and the weight to be given their testimony,
and we review the evidence in the light most favorable to the trial court=s
ruling.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Allbright
v. State, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d); see
Browder v. State, 109 S.W.3d 484, 485, 490 (Tex. Crim. App. 2003)
(holding that challenge to revocation of probation based on lack of due
diligence by State reviewed in light most favorable to trial court’s findings)
(citing Guzman v. State, 955 S.W.2d 85, 87–90 (Tex. Crim. App. 1997)). 
If the State fails to meet its burden of proof, the trial court abuses its
discretion by revoking the community supervision.  Cardona, 665 S.W.2d
at 493–94.

While
acknowledging the above legal constructs, Appellant raises a modified legal
sufficiency challenge.  Citing Jackson v. Virginia, Appellant asserts
that, when viewed in the light most favorable to the trial court’s finding,
there is insufficient evidence from which the trial court could rationally conclude
the essential elements of identity by a preponderance of the evidence.  443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  Appellant also seeks to challenge
the factual sufficiency of the evidence supporting the trial court’s
determination that he violated the terms of his community supervision.  Citing Clewis
v. State, Appellant asserts that, after viewing the evidence in a neutral
light, there is insufficient evidence from which the trial court could
rationally conclude the essential elements of identity by a preponderance of
the evidence.  922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996).  Appellant
recognizes, however, that several courts of appeals in this State, including
this court, have declined to review a revocation order for factual sufficiency.[3] 
See, e.g., Antwine, 268 S.W.3d at 636–37; Becker,
33 S.W.3d at 66; Allbright, 13 S.W.3d at 818; Joseph v. State, 3
S.W.3d 627, 642 (Tex. App.—Houston [14th Dist.] 1999, no pet.); see also
Garcia v. State, No. 02-08-00103-CR, 2009 WL 885945, at *1 (Tex. App.—Fort
Worth Apr. 2, 2009, pet. ref’d) (mem. op., not designated for publication).

Indeed,
several courts of appeals in this State, including this court, have held that,
given the unique nature of a revocation proceeding, the Jackson and Clewis
standards for legal and factual sufficiency challenges on appeal do not apply
to a trial court’s decision to revoke community supervision.[4] 
See Cherry, 215 S.W.3d at 919 (addressing Cherry’s legal and factual
sufficiency challenge to the trial court’s revocation order under the
appropriate preponderance of the evidence and abuse of discretion standards); Wham
v. State, No. 02-09-00265-CR, 2010 WL 3433055, at *1 (Tex. App.—Fort Worth Aug.
31, 2010, no pet.) (mem. op., not designated for publication) (holding that
appellant’s attacks on the legal and factual sufficiency of the evidence to
support the revocation order were not appropriate for review).[5] 
We follow these cases’ holdings that legal and factual sufficiency challenges under
Jackson and Clewis are not appropriate for the review of a
revocation proceeding, and we decline Appellant’s request to revisit whether a
trial court’s revocation order is reviewable for factual sufficiency of the
evidence.  Instead, we determine whether the trial court abused its discretion
in finding, by a preponderance of the evidence, that Appellant violated a term
or condition of his community supervision.

C.  Discussion

          Appellant
contends that the evidence is insufficient to establish that he was the
perpetrator of the new offense because Rojo did not identify him in open court as
her assailant and because Fernandez and Rodriguez’s identifications were
tainted and not credible.  As demonstrated below, however, the evidence was
sufficient to show, by a preponderance of the evidence, that Appellant violated
a condition of his community supervision by committing a new offense.

          Fernandez
memorized the license plate of Appellant’s car, and the police located the car
soon thereafter and took Appellant into custody.  Rojo informed the police that
Appellant was wearing the same clothes as her assailant, and although Fernandez
and Rodriguez testified that Appellant was wearing a different shirt when they
identified him for the police, both positively identified Appellant to the
police and in court while testifying.  Although there are inconsistencies in
the testimony by Rojo, Fernandez, and Rodriguez, the inconsistencies raise
credibility issues for the trial court as factfinder, and the trial court was
free to accept or reject any or all of the witnesses’ testimony.  See
Allbright, 13 S.W.3d at 819.  Moreover, to the extent that Appellant
contends that the field identifications by Rojo, Fernandez, and Rodriguez were
tainted, Appellant did not preserve his complaint because he did not object at
the revocation hearing to the testimony about the field identifications.  See
Tex. R. App. P. 33.1(a); Layton v. State, 280 S.W.3d 235, 238–39 (Tex.
Crim. App. 2009) (requiring timely objection to preserve a complaint for
appellate review).

Viewing
the evidence in the light most favorable to the trial court’s ruling, we hold
that the State met its burden of proving by a preponderance of the evidence
that Appellant violated the terms and conditions of his community supervision
by committing a new offense.  See Cobb, 851 S.W.2d at 873.  We cannot
say that the trial court abused its discretion by revoking Appellant’s
community supervision, and we therefore overrule Appellant’s sole point.

IV. 
Conclusion

          Having
overruled Appellant’s sole point, we affirm both of the trial court’s judgments.

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

PUBLISH

 

DELIVERED:  June 16, 2011









[1]Appellant’s punishment for
the underlying assault charge was enhanced due to his status as a repeat
offender.





[2]The determination to
adjudicate guilt is reviewable in the same manner as a revocation hearing
conducted for violations of community supervision under article 42.12, section
21 in which an adjudication of guilt had not been deferred.  Tex. Code Crim.
Proc. Ann. art. 42.12, '
5(b); see Antwine v. State, 268 S.W.3d 634, 636 (Tex. App.—Eastland
2008, pet. ref’d).





[3]To the extent relevant, we
note that the Clewis factual sufficiency standard was overruled by Brooks
v. State.  323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (holding that the Jackson
v. Virginia standard is the “only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element
of a criminal offense that the State is required to prove beyond a reasonable
doubt”); see Guzman v. State, No. 02-10-00148-CR, 2010 WL 4138557, at *2
(Tex. App.—Fort Worth Oct. 21, 2010, pet. filed and withdrawn) (mem. op., not
designated for publication) (overruling Guzman’s factual sufficiency challenge
to the trial court’s revocation order because this standard has historically
been held inapplicable to revocation procedures and because the court of
criminal appeals eliminated the factual sufficiency standard of review in Brooks).0





[4]We note that often, in
reviewing the sufficiency of the evidence to support a revocation order, this
and other Texas courts of appeals refer to a legal sufficiency standard while
actually applying the appropriate preponderance of the evidence and abuse of
discretion standards.





[5]See also Jordan
v. State, No. 01-06-00133-CR, 2007 WL 1412551, at *1 (Tex. App.—Houston
[1st Dist.] May 10, 2007, no pet.) (mem. op., not designated for publication)
(“[W]e do not review the evidence supporting revocation of probation for legal
and factual sufficiency.”); Cruz v. State, No. 06-04-00065-CR, 2005 WL
147109, at *1 (Tex. App.—Texarkana Jan. 25, 2005, no pet.) (mem. op., not
designated for publication) (citing Pierce v. State, 113 S.W.3d 431, 436
(Tex. App.—Texarkana 2003, pet. ref’d)); Martinez v. State, No. 07-02-00225-CR,
2002 WL 31627852, at *2 (Tex. App.—Amarillo Nov. 22, 2002, no pet.) (mem. op.,
not designated for publication).